In the Matter of CECILIA DANKER, Respondent, against
THE DEPARTMENT OF HEALTH OF THE CITY OF NEW
YORK et al., Appellants.

(Argued January 4, 1935; decided March 5, 1935.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Edmund L. Palmieri* of counsel), for appellants. The fact that municipal authorities have permitted the administration of a relief project which entails the partial performance of duties theretofore performed by a civil service employee, does not constitute a violation of section 16 of chapter 178 of the Laws of 1934. (*Gurney* v. *Atlantic & Great Western Ry. Co.*, 58 N. Y. 358; *Conner* v. *Mayor*, 5 N. Y. 285; *Wilson* v. *City of New York*, 31 Misc. Rep. 693; *Chittenden* v. *Wurster*, 152 N. Y. 345; *Matter of Grosso* v. *Benninger*, 240 App. Div. 1019.)

*Mitchell Jelline* and *Max D. Steuer* for respondent. The alternative order of mandamus was properly granted. The use of relief workers to perform petitioner's duties constitutes a violation of section 16 of chapter 178 of the Laws of 1934. (*People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *People ex rel. Shields* v. *Scannell*, 48 App. Div. 69; *Matter of Jones* v. *Willcox*, 80 App. Div. 167; *Matter of Levinson* v. *Rice*, 152 Misc. Rep. 813.)

CRANE, ·Ch. J. The question which `the Appellate Division has certified to this court embodies most all of the material facts. It reads:

"Do the following facts appearing from the petition and affidavits herein:

"(1) The petitioner was on May 16, 1934, a duly appointed and qualified Civil Service nurse's assistant employed in the Bureau of Child Hygiene of the Department of Health of the City of New York, performing the duties of that position under the direction of the registered nurse in charge of the Baby Health Station at which she was employed.

"(2) As of· May 16, 1934, her position was abolished by the Board of Estimate and Apportionment of the City of New York allegedly by authority of Chapter 178 of the Laws of 1934.

"(3) From and after May 16, 1934, all the duties until that date performed by the petitioner, except for the weighing of babies, were and are now being performed by three workers from emergency relief rolls at the same Baby Health Station at which the petitioner had performed them, and under the direction of the same registered nurse in charge of said Station.

"(4) These Emergency Relief workers are designated and assigned, with the consent of the Department of Health of the City of New York, from the emergency relief rolls by the Temporary Emergency Relief Administration; are assigned to their duties by the Department of Health of the City of New York; are compensated from a fund administered by the Temporary Emergency Relief Administration, 25% of which fund is contributed by the City of New York; and are subject to being removed from their positions at any time by the Department of Health of the City of New York, constitute a violation by the Department of Health of the City of New York of Section 16 of Chapter 178 of the Laws of 1934?"

We shall consider this question although the answer may not justify the relief prayed for by the petitioner.

The Economy Act (Laws of 1934, chap. 178) was passed for the purpose of empowering the Board of Estimate of New York city to effect economies in and to increase the efficiency of the operation of government. It may:

" (a) Abolish, in whole or in part, any such agency and/or any or all of the functions thereof;

" (b) Transfer, in whole or in part, any such agency and/or any or all of the functions thereof, to the jurisdiction and control of any other agency;

" (c) Consolidate or merge two or more agencies and/or any or all of the functions thereof;

" (d) Designate, change and/or fix the name or functions of any existing, or consolidated or merged agency and the title and powers and/or duties of its executive head or staff; * * *." (§ 3.)

The Civil Service Laws of the State and City were to be in no way crippled or affected even if they could be under our State Constitution.

" § 9. Application of civil service law. An action taken under the provisions of this act shall be subject to and in accordance with the civil service law."

To preserve the proper functioning of the Civil Service Law (Cons. Laws, ch. 7) and to protect civil service employees from illegal and unnecessary removal, section 16 becomes the safeguard.

" § 16. Replacement of employees. No person shall be employed from any emergency relief rolls to perform the duties of any employee whose office shall have been eliminated or who shall have been discharged or suspended from employment pursuant to the provisions of this act."

In 1931 the Legislature enacted the Emergency Relief Act, chapter 798 of the Laws of 1931, as amended by chapter 567 of the Laws of 1932, chapter 2 of the Laws of 1933, and chapter 9 of the Laws of 1933. After declaring what constitutes the emergency, section 9 provides for relief by municipal corporations, in that it gives

them power to furnish work relief to needy persons who are unemployed or, if employed, whose compensation therefrom is inadequate to provide the necessaries of life. The city is to receive financial aid from the State to the extent provided in the law for payments made to these emergency workers. No person given work under the act is to be subject to the provisions of the Civil Service Law.

All these three acts and the Constitution of the State must work in harmony. The Civil Service Law, the Economy Act and the Emergency Relief Act are not antagonistic or a substitution, one for the other, which means that civil service employees are not to be removed solely to make way for emergency workers, and positions are not to be abolished, merely that others from the relief rolls, however taken, may do the same work.

In February, 1922, the petitioner was appointed to the position of nurse's assistant in the baby health stations of the Department of Health, after successfully passing a competitive examination for the position. She kept this position continuously from that date till May 15, 1934, when, by resolution of the Board of Estimate and Apportionment, adopted on April 30, 1934, all the positions of nurse's assistants, including that of the petitioner, were abolished. Her duties, as recited by her, consisted in taking complete charge of the medicine closet, checking mothers and children as they arrived at the clinic, assisting them in dressing and undressing babies, weighing and charting the babies, taking care of the children, sterlizing needles for injection and preparing arms for inoculations. She prepared dressings for inoculations and vaccinations and performed all the duties of a doctor's assistant. On non-clinic days she visited the delinquent cases. To these other duties she added the preparation of the cards and history charts. This position of the petitioner was abolished by the resolution, above stated, as being unnecessary under the economy program. The petitioner alleges that in truth and in fact the position has not been abolished, but that others, taken from the

emergency relief rolls, are performing all her duties and doing the same work that she did before; that she, a civil service employee, has been removed under the guise of abolishing her office, and three others have been taken on to do her work and to take her place; that the abolition of the position was a mere form of words lacking substance and in truth and in fact false.

Assuming the petitioner's statements and allegations to be true — and they are in brief embodied in the Appellate Division's question — the selection of these three emergency relief workers to do the work performed by the petitioner was illegal under section 16, above quoted, and they are not entitled to do this work or to receive pay therefor. We answer the question in the affirmative; the performance of all the petitioner's duties by the three workers from the emergency relief rolls constitutes a violation by the Department of Health of the city of New York of section 16 of chapter 178 of the Laws of 1934. The saving of money to the city of New York is no justification for the fictitious abolition of a position as unnecessary. The Economy Act does not contemplate the substitution of emergency relief workers for civil service employees.

The petitioner has been granted a writ of alternative mandamus because all her allegations have been denied. The Commissioner of Health challenges her statements. In affirming this order, we do so merely that the facts may be determined. If the statement regarding these relief workers is incorrect that ends the petitioner's case. The reinstatement of the petitioner, however, does not follow as matter of course even if her petition sets forth the true facts, and for this reason. Her position has apparently been abolished in the interest of economy authorized by the above legislation. There is no appropriation for the place and no money to pay her. She, therefore, could not be reinstated without showing that the position exists and that there is an appropriation to cover it.

This question was not raised by counsel, and we refer to it merely as a matter of caution.

Although we must answer the certified question put to us by the Appellate Division in the affirmative, yet we do so with this explanation, and affirm the alternative order of mandamus which has been granted by the Special Term.

The order should be affirmed, without costs, upon the ground stated in the opinion and the question certified answered in the affirmative.

LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Ordered accordingly.