In the Matter of WILLIAM E. FOLKES, Appellant and Respondent, against JAMES E. HUSHION, as Comptroller of the City of Yonkers, Respondent and Appellant.

Submitted June 14, 1940; decided July 24, 1940.

*Clarence Alexander* for petitioner, appellant and respondent. Petitioner's position of tax clerk was not abolished, neither were his duties abolished or discontinued, in fact or in good faith. (*Gregory* v. *Mayor*, 113 N. Y. 416.)

*Leonard G. McAneny, Corporation Counsel* (*J. Raymond Hannon* and *William F. Cauley, Jr.*, of counsel), for defendant, respondent and appellant. The petitioner was not removed from his position for political purposes and is not entitled to reinstatement because of any violation of section 25 of the Civil Service Law (Cons. Laws, ch. 7). The court below erred in finding that the petitioner's position was not abolished in good faith. (*People ex rel. Kaufman* v. *Board of Education*, 166 App. Div. 58; *Matter of Edkins* v. *Wotherspoon*, 173 App. Div. 330; *Matter of Jones* v. *Willcox*, 80 App. Div. 167; *Matter of Colligan* v. *Williams*, 91 Misc. Rep. 128; *People ex rel. Steers* v. *Delaney*, 190 N. Y. Supp. 29; *Matter of Reilly* v. *Smith*, 92 Misc. Rep. 309; *People ex rel. Vineing* v. *Hayes*, 135 App. Div. 19; *Matter of McCarthy* v. *Board of Elections*, 119 Misc. Rep.

257; *Matter of Scahill* v. *Drzewucki*, 244 App. Div. 530; *Matter of Hirshfield* v. *Craig*, 239 N. Y. 98.) The petitioner is not entitled to reinstatement from a preferred list under the provisions of section 31 of the Civil Service Law upon the ground that his seniority rights have been violated. (*Matter of Skrocki* v. *Greene*, 242 App. Div. 226; *Matter of Smith* v. *Greene*, 247 App. Div. 425; *Matter of Glisman* v. *Moses*, 255 App. Div. 1020; *Matter of White* v. *Harrell*, 236 App. Div. 206.) The petitioner has not shown a clear legal right to hold any position paying a salary, or to receive any salary, in excess of $2,400 per year. (*Matter of Mullane* v. *McKenzie*, 269 N. Y. 369; *O'Malley* v. *Board of Education*, 160 App. Div. 261; *People ex rel. Campbell* v. *Partridge*, 89 App. Div. 497; 179 N. Y. 530; *Matter of Smith* v. *Greene*, 247 App. Div. 425; *Matter of Ryan* v. *Kaplan*, 213 App. Div. 131; 240 N. Y. 690; *Matter of Meehan* v. *Flaherty*, 119 App. Div. 128; *Matter of Cooper* v. *Paris*, 73 Misc. Rep. 244; *People ex rel. Lee* v. *Gleason*, 32 App. Div. 357; *People ex rel. Chamberlain* v. *Knox*, 45 App. Div. 518; *Matter of McEneny* v. *McKee*, 236 App. Div. 140.)

*Per Curiam.* A position is not effectively abolished where a person not appointed in accordance with the provisions of the Civil Service Law (Cons. Laws, ch. 7) is employed to perform the duties formerly performed by the holder of the position. The holder of such a position who has been suspended because no appropriation has been made for the payment of the salary attached to the position, is entitled to reinstatement in the same or similar position, at least from the date where, it appears, his salary can be paid, without requiring an appropriation of additional moneys. Proof of the existence since October 1, 1936, of a vacancy in a position of the same salary grade establishes that no new moneys need be appropriated in order to pay the salary attached to the position which the petitioner formerly held. The order of the Appellate Division directing that the petitioner should be reinstated as of that date in the position

he formerly occupied or in a similar position, and should receive from that date compensation which he has lost, is correct, even though the petitioner could not be appointed to the vacant position.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.