■　JOSEPH SOLIS, Appellant, v. CITY OF NEW YORK, Respondent.— Order entered December 11, 1969, denying summary judgment to plaintiff, unanimously affirmed without costs and without disbursements. As Special Term denied the motion on the ground that there were issues of fact, without specifying what those issues were, we deem it advisable to provide a general guideline for the trial court. Plaintiff lost his post as Deputy Director of Civil Defense when the department was abolished. He was then certified to a list as qualified for appointment as administrator. Eleven times he was certified to various departments for appointment, and each time the respective department refused to appoint him. The twelfth time he was appointed. Suit is for salary for the period between the time that he lost employment because of the abolition of the department and the date he was subsequently appointed. We see three issues. The first is substantive and can be generally stated as being whether any of the certifications involved an appointment or a reinstatement. If the former, the department head retains a right of selection; if the latter, there is no discretion (see *Matter of Folkes* v. *Hushion*, 283 N. Y. 536). The title of administrator is not conclusive, the real test being whether the qualifications for the particular post are so similar to the qualifications for petitioner's prior position that it can be said that a failure to appoint him was arbitrary or capricious. The second and third issues, assuming petitioner prevails on the first, concern damages, and they are, respectively, the date on which under the circumstances the plaintiff should have been appointed to a particular post, and whether plaintiff took appropriate steps to mitigate damages. Concur — Stevens, P. J., Markewich, Nunez and Steuer, JJ.