Jasen, J.
We are called upon to decide whether, consistent with the teacher tenure and compulsory education provisions of the Education Law, a school district may abolish the position of attendance teacher and divide the duties of the position among principals and assistant principals in the school district.
On September 1, 1961, the respondent Board of Education appointed the petitioner to the position of attendance teacher in the Harborfields School District. For some years prior to that time, such duties had been performed either by the principals of the school district or by an attendance teacher retained on a half-time basis through the Board of Cooperative Educational Services (BOCES). By resolution dated July 7, 1964, after having satisfactorily served the statutory three-year probationary period, petitioner was accorded tenure as an attend *34 anee teacher. In February, 1972, after evaluating the position and determining that a full-time attendance .teacher was no longer required, the board abolished the. position, effective July 1, 1972. The duties of the position were thereafter divided among the existing principals and assistant principals in the school district. Petitioner was then placed on a preferred eligibility list entitling him to reinstatement if within four years there arose a vacancy in the position of attendance teacher or a similar position.
Special Term held that abolishing petitioner’s position and assigning its duties to other school district employees violated petitioner’s tenure rights. The respondent Board of Education was ordered to restore petitioner to the position of attendance teacher, be it full time or part-time. A unanimous Appellate Division, finding no bar to abolishing the position of attendance teacher and consolidating its duties with those of pre-existing positions, reversed and dismissed the petition. We affirm.
Faced with spiraling operating costs and ever increasing demands on their tax bases, school districts must have sufficient latitude within the law to manage their affairs efficiently and effectively. This implies, where appropriate, the power to consolidate and abolish positions for economic reasons. (See Education Law, § 1709, subds. 16, 33; § 1804, subd. 1.) Here, the Board of Education abolished petitioner’s position and transferred its duties to the existing positions of principal and assistant principal within the district, action we find not inconsistent with petitioner’s tenure rights. Had a new or part-time position been created to carry on the work formerly done by petitioner, a different question would be presented. (See Education Law, §§ 2510, 2585; Matter of Baron v. Mackreth, 30 A D 2d 810, affd. 26 N Y 2d 1039.) But such is not the case here. In accordance with the law (Education Law, §§ 2510, 2585), petitioner was assigned preferred status entitling him to reinstatement should a vacancy occur within four years in his former position or a similar one. Within the intendment of the law, his tenure rights have been adequately safeguarded.
Nor, on the record before us, do we find any impairment of the compulsory education provisions of the law. By express provision of the Education Law (§ 3205, subd. 1, par. a), minors aged 6 to 16 must attend full-time instruction. “ To the end *35 that children shall not suffer through unnecessary failure to attend school for any cause whatsoever ” (Education Law, § 3213, subd. 1, pár. a), school districts are empowered to appoint and to remove supervisors of attendance and attendance teachers whose duty it is to enforce the compulsory education provisions of the law. (Education Law, § 3212, subd. 5, par. b; § 3213, subds. 1, 2.) While the position of attendance teacher has been abolished, the duties have been continued in the principals and assistant principals of the school district. Were the duties also abolished, a different question would be presented. Each principal and assistant principal is licensed to teach and satisfies the minimum requirement of subdivision 1 of section 3213 of the Education Law that a person who performs as an attendance teacher be “ a teacher licensed to teach in New York state ”. Moreover, there has been no showing that the principals and assistant principals are unable to perform these duties adequately. On the record before us, we find no impairment of the compulsory education provisions of the law.
Petitioner’s other points for reversal have been considered and found to be without merit. Accordingly, for the reasons stated, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Bbeitel and Judges Gabrielli, Jobes, Wachtler and Stevebs concur; Judge Rabib taking no part.
Order affirmed.