■ In the Matter of ALEXANDER SMITH et al., Appellants, v RICHARD I. MAC MURRAY, as President of the City Council of the City of Long Beach, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel reinstatement of petitioners to the position of Building Inspector III, in which respondents cross-moved to dismiss the proceeding, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered November 13, 1975, which, *inter alia,* dismissed their petition. Judgment reversed, on the law, with $50 costs and disbursements, petition granted,

cross motion denied, and respondents are directed to reinstate petitioners, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits they may have received. No findings of fact were presented for review. By virtue of passing civil service examinations, petitioners were appointed to the position of Building Inspector III. Subsequently, the position of Property Conservation Trainee (trainee) was created. Thereafter, effective July 1, 1975, respondents abolished petitioners' position and separated them from the payroll. Since that date, the less qualified and more recently employed trainees have performed petitioners' duties. We hold that petitioners' position was not effectively abolished where trainees, persons not appointed in accordance with the provisions of the Civil Service Law, were improperly employed in the same position as the ousted civil service employees (see *Matter of Wipfler v Klebes,* 284 NY 248; *Matter of Folkes v Hushion,* 283 NY 536; *Matter of Baron v Mackreth,* 30 AD2d 810, affd 26 NY2d 1039). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.