■ In the Matter of RAYMOND SLAYTON, Appellant, v COUNTY OF CAYUGA et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner held the position of Superintendent of Emerson Park, a division of the Cayuga County government, with civil service protection from 1969 until 1974. He was terminated effective December 31, 1974 when respondent abolished the position and eliminated the funds for his salary from the 1975 budget. The duties formerly performed by petitioner were assumed by a subordinate, Mr. Mundt, with no increase in his pay, and by Ward O'Hara, a county legislator and Chairman of the Emerson Park Commission, who undertook some of the duties of supervision without pay. This article 78 proceeding was instituted to compel respondents to reinstate petitioner. Trial Term dismissed the petition. Respondent county had the authority to abolish petitioner's position and transfer his duties to others, so long as it acted in good faith in doing so *(Matter of Young v Board of Educ.,* 35 NY2d 31; *Matter of Wipfler v Klebes,* 284 NY 248; *Matter of Dougherty v Makowski,* 49 AD2d 424, 428). Trial Term properly found that petitioner had failed to sustain his burden of establishing bad faith (see *Matter of Wipfler v Klebes, supra,* p 255) in view of the undisputed evidence that the county was confronted with serious budgetary problems in 1974 and that the abolition of the petitioner's position resulted in a financial saving of the entire amount anticipated as his salary for the coming year. The transfer of duties to Mundt, another employee of the county, without any increase in pay was proper and the voluntary assumption of part of petitioner's duties by Mr. O'Hara did not conflict with petitioner's rights or violate the intent of the Civil Service Laws. O'Hara was charged with the statutory responsibility of supervision of the park as a member of the park commission (County Law, § 221) and he agreed to perform such additional duties as might be necessary as a result of the abolition of petitioner's job without compensation (cf. *Matter of Folkes v Hushion,* 283 NY 536; *Matter of Danker v Department of Health of City of N. Y.,* 266 NY 365). (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.