■ In the Matter of BUFFALO POLICE BENEVOLENT ASSOCIATION, INC., et al., Appellants, v STANLEY M. MAKOWSKI, as Mayor of the City of Buffalo, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: In this article 78 proceeding petitioners appeal from a trial term judgment which dismissed their petition seeking to prohibit and enjoin respondents from abolishing the permanent civil service position of desk lieutenant in the table of organization of the Police Department of the City

of Buffalo. The Common Council of the City of Buffalo, with the approval of the Mayor, adopted a salary ordinance for the 1976–1977 fiscal year which did not provide funds for the position of desk lieutenant and thus abolished that position. As a direct result of respondents' action, 53 men who previously worked in that title were immediately demoted to the position of patrolman. In order to avoid economic hardship, these former desk lieutenants were not reduced in salary to that paid to other patrolmen. Inevitably, however, attrition will accomplish future budgetary savings. In addition to the displacement of the desk lieutenants into the patrolmen ranks, 53 patrolmen, junior in seniority, were removed from their positions and were placed on a preferred list. In conjunction with this action, respondents added to the budget several positions of report technician. It is not disputed here that respondents' action was taken for economy reasons, nor do the petitioners assert that the respondents acted in bad faith. The record amply demonstrates that because of reduced fringe benefits and other savings, the net annual operating cost of the Buffalo Police Department was reduced by an amount in excess of $500,000. Additionally, it appears that respondents' action was in part based upon a policy consideration that trained police officers should not be utilized to perform purely clerical duties. The proof shows that the clerical duties of former desk lieutenants are now in large measure being performed by report technicians, and their police functions are being performed by patrolmen or officers of higher rank in the department. While petitioners recognize that "the elimination or discontinuance of a position to promote efficiency or economy is a valid exercise of legislative authority" *(Matter of Dougherty v Makowski,* 49 AD2d 424, 429), their sole contention on this appeal is that a civil service position may not be abolished where the same duties are being performed by noncivil service employees. The facts here are unlike those in *Matter of Danker v Department of Health of City of N. Y.* (266 NY 365) and *Matter of Folkes v Hushion* (283 NY 536) upon which the petitioners rely. There it was found that the purported abolition of positions was fictitious and thus violative of the Constitution and Civil Service Law, since the same duties previously performed by civil service personnel were assigned to emergency relief workers under legislative programs brought about by the depression. Here it has been determined by respondents that the position of desk lieutenant is unnecessary and the work of the department can be conducted as efficiently and more economically without that job title (cf. *Matter of Wipfler v Klebes,* 284 NY 248). The trial court properly found that respondents acted in good faith and that the duties of report technicians, while similar to those of desk lieutenants in some respects, were substantially dissimilar in totality. Confronted each year with progressively more perplexing budgetary crises, municipalities must have the power to manage their affairs efficiently and economically. "This implies, where appropriate, the power to consolidate and abolish positions for economic reasons" *(Matter of Young v Board of Educ.,* 35 NY2d 31, 34). Where the act of a municipality in abolishing a position is accomplished in good faith and is not designed to cloak an illegal purpose or produce an illegal result, it will not be judicially disturbed *(Matter of Wipfler v Klebes, supra; Slayton v County of Cayuga,* 56 AD2d 704; *Matter of Dougherty v Makowski, supra).* (Appeal from judgment of Erie Supreme Court,—art 78.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.