■ In the Matter of WILLIAM MORELAND, Appellant, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission, Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered March 29, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination of the Civil Service Commission regarding petitioner's rights under section 80 of the Civil Service Law. Petitioner was employed by the State in the Office of General Services for more than 11 years. He was originally appointed to the position of Assistant Architect (Grade 19) in 1965. On August 29, 1972 petitioner received a lateral transfer to the position of Assistant Building Project Manager (Grade 19), and was simultaneously promoted on a provisional basis to the position of Senior Building Project Manager (Grade 23). On December 4, 1973, petitioner was appointed to the position of Senior Building Construction Project Manager on a permanent basis. On April 21, 1976, petitioner was informed that due to fiscal problems the position of Senior Building Construction Project Manager to which he had been permanently appointed, was being abolished, and that, effective May 12, 1976, he was being laid off. The position of Assistant Building Construction Project Manager, the title in which petitioner last served on a permanent basis, was also abolished, effective May 12, 1976. Prior to his service in the Assistant Building Construction Project Manager title, petitioner had served on a permanent basis as an Assistant Architect, a title which was not abolished, and in which persons with less seniority than petitioner were serving on the effective date of his layoff. Subdivision 6 of section 80 of the Civil Service Law provides, in part, as follows: "If a permanent incumbent of a position in the state service is suspended or displaced from a position in a title for which there are no lower level occupied positions in direct line of promotion, he shall displace the incumbent with the least retention right pursuant to subdivisions one and two of this section who is serving in a position in the title in which the displacing incumbent last served on a permanent basis prior to service in one or more positions in the title from which he is suspended or displaced". Petitioner contends that since the title Assistant Building Project Manager (Grade 19), the title in which petitioner last served on a permanent basis prior to service in the title from which he was laid off, was abolished on May 12, 1976, the only existing title in which he last served on a permanent basis was the title of Assistant Architect (Grade 19). Petitioner contends that pursuant to subdivision 6 of section 80 of the Civil Service Law, he should be allowed to "retreat" to the last existing title in which he had served prior to his service as Senior Building Construction Project Manager. Petitioner appealed his layoff to the Civil Service Commission. On June 30, 1976, the commission dismissed the appeal holding that the law does not permit the disregarding of titles which have been abolished in determining retreat possibilities. Therefore, petitioner was allowed to retreat only to the permanent position in which he last served, whether or not that position was still in existence. In *Matter of Finger v Bahou* (86 Misc 2d 540), the court was

presented with a situation similar to that presented here, and the court stated in reference to the applicability of subdivision 6 of section 80 of the Civil Service Law as follows: "the Legislature seeking to give some measure of job protection to older employees as against younger ones * * * made the statute dealing with retreat rights in such cases limited in scope by the deliberate use of the words last served rather than last existing position in which there was service. Therefore, if the title in which the incumbent last served has been abolished, he has no retreat rights." (p 542.) We agree with that conclusion. The interpretation placed upon the statute by the Civil Service Commission which falls within its special expertise and control must be sustained, as it has a rational basis in law, and it cannot be said the commission acted arbitrarily or capriciously *(Matter of Rubin v Levine,* 41 NY2d 1024; *Matter of Howard v Wyman,* 28 NY2d 434). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Larkin, JJ., concur.