In the Matter of BILLY TURNER, Respondent, v PETER A. A. BERLE, as Commissioner of the Department of Environmental Conservation, et al., Appellants.

Third Department, April 6, 1978

### APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (William J. Kogan and Ruth Kessler Toch* of counsel), for appellants.

*De Graff, Foy, Conway & Holt-Harris (Algird F. White, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

STALEY, JR., J.

In the month of June, 1969, petitioner received an appointment to the position of Supervisor of Conservation Office Services, Grade 23, which became a permanent appointment effective October 10, 1969. In the month of October, 1972, he was assigned to perform the out-of-title duties of an Administrative Analyst, and performed such duties until March 30, 1977. David Keegan, an Assistant Architect, was assigned in October, 1972 to perform the out-of-title duties of Supervisor of Conservation Office Services.

From October, 1972 until January, 1977, the functions of the position of Supervisor of Conservation Office Services performed by Mr. Keegan out-of-title changed considerably.

In January, 1977, appellants submitted a request to Civil Service to reclassify Mr. Keegan's position to Chief, Bureau of Office Services and Equipment Management, Grade 25. This request was made to reflect the duties and responsibilities that had been assigned to Mr. Keegan as a result of organizational changes within the Office of Regional Operations. This new title differs from Supervisor of Conservation Office Services.

The Department of Environmental Conservation determined that, in order to effectuate a 5% reduction in its budget for the fiscal year 1977-1978, it would be necessary to abolish approximately 87 positions within the department. A survey was made to determine which positions could be eliminated with the least effect on the mandates and goals of the department. It was determined that the functions performed by the petitioner as an Administrative Analyst were of a low priority, and, as a consequence, it was decided to abolish petitioner's position of Supervisor of Conservation Office Services. On February 10, 1977, petitioner was advised by letter that his position as Supervisor of Conservation Office Services was being abolished effective March 30, 1977.

Petitioner has not alleged that there was not a bona fide economic reason for the abolition of his position, and he has

not alleged that he has been replaced by another employee not appointed in accordance with Civil Service Law. The only issue herein is whether the appellants could abolish a position because it does not match the out-of-title functions being performed by the incumbent.

■ "It is an undisputed management prerogative of the State, as an employer, to abolish positions in the competitive class civil service in the interest of economy * * * in exercising that prerogative, the State is obligated to respect the seniority rights of its employees". *(Matter of Saur v Director of Creedmoor Psychiatric Center,* 41 NY2d 1023, 1024.)

Petitioner did not allege that the appellants hired a new employee to perform the functions which he had been performing when his position was abolished. Rather, petitioner only alleges that upon the abolition of his position, the duties of that position were undertaken by another employee of the department. The petitioner, while occuping the position entitled Supervisor of Conservation Office Services, actually performed and functioned between late 1972 and March 30, 1977 as an Administrative Analyst. At no time after October, 1972 did petitioner perform any duties as Supervisor of Conservation Office Services. The functions of that position were performed by Mr. Keegan.

■ This is not the case of a bad faith abolition where an employer has abolished a position in order to rid itself of an employee so that it may hire someone new to perform the same function *(Matter of Smith v MacMurray,* 52 AD2d 637). Consequently, petitioner has attempted to establish bad faith by arguing that the department cannot properly abolish a position which is occupied by one who is performing out-of-title functions when it finds that, under the constraints of a reduced budget, those functions *must be eliminated.* Appellants contend that the petitioner's argument is not supported either by judicial precedent or by logic. It may be that petitioner's performance of out-of-title duties was contrary to the provisions of subdivision 2 of section 61 of the Civil Service Law, but, if that was so, appropriate remedies existed under established procedures and, in addition, he acquiesced in such performance for over four years. Petitioner, who had the burden to do so, has not shown that there was not a bona fide financial reason to abolish his position, nor has he shown that a financial savings was not accomplished by the abolition, nor has he shown that another person was hired in his place,

nor has he shown any other indicia of bad faith *(Matter of Wipfler v Klebes,* 284 NY 248).

The department abolished a position which had been occupied by a person who had not performed the duties thereof for several years and who had clearly acquiesced to this out-of-title work arrangement. The person who had been performing and continued to perform some of the in-title duties of the abolished position was appointed in accordance with the law, and he is not now performing the duties formerly performed by petitioner.

Since it is a management prerogative to determine how the business of government shall best proceed under fiscal constraints *(Matter of Jones v Carey,* 55 AD2d 260), it was clearly within the lawful authority of appellants to determine that petitioner's position should be abolished both because of the determination that the out-of-title functions could be sacrificed under the reduced budget, and because the functions of the title had changed markedly. Petitioner has failed to establish that such prerogative was exercised in bad faith.

Petitioner never objected to the performance of out-of-title work for over four years in a Grade 18 position while receiving salary in a Grade 23 position. He thus waived the right to object to such assignment or to the consequences thereof. Waiver of protection afforded to him by subdivision 2 of section 61 of the Civil Service Law is dependent upon petitioner's conduct, and not upon a showing of reliance by appellants, and he should be bound by such conduct.

The judgment should be reversed, on the law and the facts, without costs, and the petition dismissed.

SWEENEY, J. P., KANE, LARKIN and MIKOLL, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and petition dismissed.