■ In the Matter of RICHARD CHRISTIAN et al., Appellants, v J. EMMET CASEY, as City Manager of the City of Yonkers, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia*, to reinstate the petitioners to their positions, the appeal is from a judgment of the Supreme Court, Westchester County, dated December 26, 1978, which, after a hearing, dismissed the petition. Judgment affirmed, without costs or disbursements. The named petitioners, former employees of the City of Yonkers, lost their jobs as jailors and matrons as a result of the city's plan to close its jail. The abolition of the jail was a part of the financial plan for the city submitted pursuant to the New York State Financial Emergency Act for the City of Yonkers (L 1975, ch 871). Due to various complicating factors, the jail remained open, serviced by five jailors with the assistance of police officers assigned to the jail to perform booking and warrant service duties. Petitioners brought this proceeding pursuant to CPLR article 78 seeking, *inter alia*,

reinstatement of their positions. They contend that their positions were not abolished in good faith, as evidenced by their duties being transferred to police officers. It is undisputed that municipal corporations may in good faith abolish civil service positions for reasons of economy, efficiency or the improvement of services to the public (see *Matter of Wipfler v Klebes,* 284 NY 248; *Switzer v Sanitary Dist. No. 7, Town of Hempstead,* 59 AD2d 889, app dsmd 43 NY2d 845). The burden of showing a lack of good faith rests upon the person challenging the validity of the abolition. The petitioners have not met this burden. The circumstances surrounding the closing of the jail and the abolition of the petitioners' jobs were directly related to and a part of the city's reorganization under its emergency financial plan. A city, confronted with a serious financial emergency, must be permitted to consolidate and abolish positions for economic reasons (see *Matter of Young v Board of Educ.,* 35 NY2d 31, 35; *Matter of Buffalo Police Benevolent Assn. v Makowski,* 56 AD2d 732, mot for lv to app den 42 NY2d 802). The assignment of police officers to the jail was a good faith effort to consolidate and streamline the arrest procedure and not an attempt to replace the petitioners with newly hired noncompetitive personnel (see *Matter of Kempf v Town of Brookhaven,* 61 Misc 2d 283, affd 37 AD2d 917). The fact that the police officers performed some of the duties formerly performed by the petitioners in addition to their normal duties, did not amount to the performance by the police officers of substantially similar duties to that of the petitioners (see *Matter of Wipfler v Klebes,* 284 NY 248, *supra).* The utilization of existing personnel to carry out those duties that remained after the abolishment of the petitioners' positions in the wake of a financial emergency cannot amount to a lack of good faith (cf. *Matter of Aldazabal v Carey,* 58 AD2d 120, affd 44 NY2d 787). Accordingly, the judgment is affirmed. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.