■ In the Matter of DANIEL E. CONNOLLY, Appellant, v HUGH L. CAREY, as Governor of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court, entered September 11, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to appoint him to a position within the Department of Transportation, upon a decision of the court at a Trial Term. Employed by the Department of Transportation (DOT) or its predecessor in various capacities since December 16, 1964, petitioner was

advised that his position as director of motor equipment maintenance was to be abolished in August of 1972. He was then placed on a preferred list for the position of motor equipment manager, which status would expire on August 8, 1976 (Civil Service Law, § 81) and, concurrently therewith, he was assigned to the position of supervisor of motor equipment research. In 1975, this latter position was also abolished and his services were terminated on June 30, 1975. Petitioner informed DOT that there were two vacancies in the equipment management classification for which he was eligible for appointment from the preferred list, and that these posts were being filled by persons who were not on the list. DOT did not place him in any of the cited positions and petitioner commenced the instant proceeding on August 2, 1976, seeking to compel respondents to appoint him to one of the appropriate positions for which he was eligible. Special Term denied motions to dismiss the petition and for summary judgment, directing a trial on the question of whether petitioner was being deprived of appointment to positions for which he was eligible through bad faith by having others do the work in such positions under an "acting" designation (see CPLR 7804, subd [h]). The factual issues were tried by the court without a jury and the petition was ultimately dismissed. This appeal ensued. In this case, the burden of showing a lack of good faith rested with the petitioner (*Matter of Aldazabal v Carey*, 44 NY2d 787; *Matter of Wipfler v Klebes*, 284 NY 248, 255). Respondents advanced budgetary cutbacks as the reason for their actions. If the promotion of efficiency or economy in government is the basis for the termination of a position, then such action is deemed to be taken in good faith for it is the prerogative of the State, as an employer, to abolish positions in the interest of economy (see *Matter of Saur v Director of Creedmoor Psychiatric Center*, 41 NY2d 1023, 1024; see *Switzer v Sanitary Dist. No. 7, Town of Hempstead, County of Nassau*, 59 AD2d 889, 890, app dsmd 43 NY2d 845). From the testimony presented, it is plain that the position occupied by petitioner was eliminated for budgetary reasons, and that the other positions at issue remained vacant for similar considerations. Accordingly, the refusal of DOT to appoint petitioner or anyone else to such posts was a decision made in good faith. While it appears that others temporarily performed the responsibilities of the positions in dispute and were held out as "Acting Equipment Managers", these were merely duties undertaken by other employees of the department without any change in classification or increase in pay. As such, the assignment to perform these chores did not conflict with petitioner's rights or violate the intent of the Civil Service Law (see *Matter of Slayton v County of Cayuga*, 56 AD2d 704). We note that comparable reasoning has been employed by the Court of Appeals in interpreting analogous provisions of the Education Law (*Matter of Young v Board of Educ.*, 35 NY2d 31). Accordingly, Trial Term's dismissal of the petition was proper. Judgment affirmed, without costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.