■ In the Matter of ELEANORA PIEKIELNIAK, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered June 18, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for recission of the termination of her employment and for reinstatement to her position as a consultant nurse, together with benefits accrued. Petitioner was employed in 1977 by the Bureau of Emergency Medical Services of the New York State

Department of Health as a consultant nurse (emergency coronary care), holding a permanent appointment grade 24 in the classified service until November 19, 1981, when her position was terminated because of a reduction in Federal Highway Safety grants. Petitioner contends that hers was the only position abolished and that her duties continue to be performed by persons with less seniority, constituting denial and circumvention of her seniority rights. Because of a reduction of $280,035 in the Federal grant for advanced emergency technician training, a retrenchment plan which would enable the bureau to continue essential services within the reduced budget was implemented, which provided for cuts in contractual services, training equipment, and supplies, and which resulted in the abolition of petitioner's position. Respondent director of the bureau used an evaluation grid on each of the nine positions funded by the grants for a comparative evaluation in determining which position would be eliminated. Petitioner's position was rated lowest, and after her discharge her principal remaining duty, that of auditing teaching methods, environment and techniques, was absorbed by the remaining employees of lesser seniority. Petitioner argues that the abolition of her position was a subterfuge to discharge her as an individual and was not done in good faith. Hence, she contends that it was a denial of her rights under the collective bargaining agreement in effect in lieu of sections 75 and 76 of the Civil Service Law and was also a violation of her rights under section 80 of the Civil Service Law. A grievance proceeding filed by petitioner was withdrawn. Special Term dismissed petitioner's CPLR article 78 proceeding, holding that respondent's determination had a rational basis. This appeal ensued. It is undisputed, as petitioner concedes, that competitive civil service positions may, in the absence of bad faith, fraud or collusion, be abolished in the interest of economy (*Matter of Saur v Director of Creedmoor Psychiatric Center,* 41 NY2d 1023, 1024; *Matter of Turner v Berle,* 61 AD2d 712, 714). Petitioner has the burden of proving that the abolition of her position was brought about in bad faith and in an effort to circumvent the Civil Service Law (see *Matter of Aldazabel v Carey,* 44 NY2d 787, 788; *Matter of Wipfler v Klebes,* 284 NY 248, 255). She has failed to sustain this burden by failing to demonstrate that there was not a bona fide financial reason for the abolition of her position, or that no savings was accomplished as a result thereof, or that another person was hired in her place. The record reflects that included in the over-all savings effected under the retrenchment plan was $46,575 for her position. Further, it is uncontroverted that no other person was hired to replace petitioner, and that those duties which she performed were subsequently carried out by other existing employees. While conceding that budgetary factors may have been a consideration, petitioner alleges that respondent acted in bad faith by dismissing her as a disciplinary measure and by depriving her of the procedural rights provided in the union contract. She cites the affidavit submitted by respondent director Huszar, which stated, *inter alia,* "Petitioner was rated lower than other persons whose positions were being funded from the grant being reduced". This contention must be rejected because the record demonstrates clearly, as does the entirety of the Huszar affidavit, that petitioner was not terminated but rather that it was the position petitioner held which was abolished.[*] We reject this contention, holding that there is substantial evidence in the record to support the determination and that bad faith has not been established as the motivation for the abolition of the position. Nor does the fact that others of less seniority retained their positions and assumed petitioner's duties require a different conclusion (see *Matter of Connolly v Carey,* 80 AD2d 936, 937; *Matter*

[*] We reach this conclusion despite the fact that it appears from the record that evaluations of petitioner's job performance demonstrated that her performance was below the standards established for her position.

*of Slayton v County of Cayuga,* 56 AD2d 704; *Matter of Aldazabel v Carey, supra;* see, also, *Cohen v New York State Civ. Serv. Comm.,* 90 AD2d 884). Petitioner's remaining argument is that pursuant to section 80 of the Civil Service Law, she is entitled to some other grade 24 nurse consultant position held by persons with less seniority within the layoff unit. She was placed on a preferred list from which all appointments to fill further vacancies to her title or similar titles will be made. She concedes that the remaining eight employees in the unit do not hold nurse consultant positions with the same parenthetic, but argues that she should be given one of those positions on the ground that they are the "same or similar" to her former position and that pursuant to subdivision 1 of section 80 of the Civil Service Law, her seniority should prevail. Respondent President of the Civil Service Commission asserts that the commission's interpretation of the statutory words "same or similar positions", as implemented by 4 NYCRR 5.5 (c), means positions in the same title, and that different parenthetics denote different positions in a layoff situation. This interpretation has been upheld by the courts (*Bouton v New York State Dept. of Civ. Serv.,* 110 Misc 2d 1072, 1074; *Maranz v Office of Drug Abuse Servs.,* Supreme Ct, Albany County, Jan. 9, 1976, Conway, J.). In several memoranda issued by the commission, the phrase is consistently defined as meaning positions in a single title. While memoranda do not have the force of law, they serve as the Department of Civil Service's interpretation of statutes (*Matter of Callahan v Ward,* 87 Misc 2d 39, 41). We find petitioner's argument that the Department of Civil Service has, in cited instances, interpreted the statute differently to be unpersuasive. The cases cited by petitioner involve the interpretation of section 81 of the Civil Service Law in situations which involve the certification of a preferred list for filling vacancies in positions with titles different from an abolished position. Those situations differ from the circumstances of this case. The interpretation placed upon the statute by the Civil Service Commission, which falls within its special expertise and control, must be sustained as it has a rational basis in law, and it cannot be said that the commission acted arbitrarily or capriciously (see *Matter of Moreland v Bahou,* 61 AD2d 1093, 1094; *Matter of Rubin v Levine,* 41 NY2d 1024, 1025-1026; *Matter of Wirzberger v Watson,* 305 NY 507, 513). We hold, since the determination has a warrant in the record and a reasonable basis, that it must be upheld (see *Matter of Howard v Wyman,* 28 NY2d 434, 438). Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.