■ In the Matter of THOMAS E. O'DONNELL, Respondent, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to obtain the reinstatement of the petitioner to his former civil service position, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated January 5, 1984, which, among other things, directed the reinstatement of the petitioner to the position of "Administrator IV, with restoration of all benefits including salary retroactive to the date of Petitioner's demotion", and awarded him the sum of $8,522.15.

Judgment reversed, on the law, with costs, and petition dismissed on the merits.

Petitioner's civil service position as an administrator IV with the Suffolk County Department of Social Services was abolished by the adoption of the 1982 Suffolk County budget. He was informed that the abolition was motivated by a desire to reduce expenses. Pursuant to Civil Service Law § 80, petitioner "bumped" a less senior incumbent and assumed the position of administrator III. Dissatisfied with his new position and the reduction in salary which it entailed, petitioner commenced the instant CPLR article 78 proceeding to obtain his reinstatement. Special Term granted the petition, finding that the abolition was not effected for reasons of economy and, therefore, was not made in good faith. We now reverse.

It is well settled that a public employer may abolish civil service positions for the purposes of economy or efficiency (*see, Matter of Aldazabal v Carey*, 44 NY2d 787; *Matter of Piekielniak v Axelrod*, 92 AD2d 968, *lv denied* 59 NY2d 603; *Matter of Christian v Casey*, 76 AD2d 835), and that one who challenges the validity of such an act has the burden of proving that the abolition of the position was not effected in good faith (*see, Matter of Wipfler v Klebes*, 284 NY 248; *Matter of Crow v Ambach*, 96 AD2d 642; *Matter of Connolly v Carey*, 80 AD2d 936, *lv denied* 53 NY2d 609). Petitioner has failed to meet this burden of proof in the present case.

Although the evidence before Special Term indicated that

the 1982 Suffolk County budget showed an increase of $19 million for salaries, this fact, standing alone, hardly warrants a finding that the Legislature did not act in good faith in abolishing petitioner's position. Likewise, the fact that the county only realized a net savings of $606 per year from petitioner's demotion fails to establish a lack of good faith on its part. Such general statistics do not suggest that the abolition for economic reasons was actually a "subterfuge to discharge [the petitioner] as an individual" (*Matter of Piekielniak v Axelrod, supra,* at p 969), nor will we sit in judgment on the wisdom or relative efficiency of this legislative act. Moreover, petitioner has failed to show any concrete evidence which might be indicative of bad faith, such as the subsequent performance of his former duties by a person or persons not appointed in accordance with the provisions of the Civil Service Law (*see, Matter of Smith v Mac Murray,* 52 AD2d 637; *Matter of Seligman v Half Hollow Hills Schools,* 74 Misc 2d 246).

We are likewise unpersuaded by petitioner's contention that his demotion to the position of administrator III constituted an illegal classification. Apparently, petitioner argues that the position of administrator III which he received was created at the time of the adoption of the 1982 budget, and that said position was improperly created in violation of Civil Service Law § 22, as well as the applicable Suffolk County Civil Service Rules.

The merits of this argument need not concern us, however, since it is clear that petitioner did not receive this newly created position, but instead "bumped" an incumbent with less seniority pursuant to Civil Service Law § 80. He therefore received a *preexisting* administrator III position, and there is no evidence in the record that the creation of *this* position was in any way invalid. Accordingly, we reverse the judgment and dismiss the petition on the merits. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.