*420 OPINION OF THE COURT
Sidney Leviss, J.
In this CPLR article 78 proceeding petitioners, the Court Officers Benevolent Association of Nassau County, Inc. (hereinafter COBANC) and individually named members of COBANC, seek declaratory and injunctive relief to prevent the termination and displacement of COBANC members with permanent civil service status in the Nassau County courts due to the fiscal crisis confronting the court system.
On September 26, 1991, 471 employees of the court system were laid off. In the Nassau County layoff unit, 30 positions were targeted for elimination. Fifteen temporary or provisional employees with no permanent civil service status were terminated. Thirteen other positions were eliminated by horizontal reassignment and the displacement of persons in non-permanent titles who were "returned to hold” to their permanent titles in other positions. The reassignment and displacement of these positions caused a ripple effect to occur among less senior titleholders who in turn displaced other employees named as petitioners herein. Two remaining positions in the noncompetitive jurisdictional classification were held by persons who had no other title in the system to fall back on and resulted in one individual voluntarily retiring and the other entered into a job sharing arrangement with a co-worker.
Petitioners contend that respondents were required to eliminate all temporary and provisional positions in the layoff unit prior to targeting those employees with permanent civil service status. It is further asserted that the individually named petitioners perform the same or similar duties as unaffected nonpermanent employees and were thus displaced in violation of Civil Service Law § 80. Petitioners, in addition, seek the termination of nonpermanent employees without status who have been permitted to remain in their positions in excess of the time authorized by the Civil Service Law.
It is undisputed that an employer may abolish positions in the competitive class of civil service in the interest of economy. (Matter of Saur v Director of Creedmoor Psychiatric Center, 41 NY2d 1023; Matter of Piekielniak v Axelrod, 92 AD2d 968.) When challenging an action of this type, a petitioner must establish that the abolition of the position was a result of a bad-faith effort to circumvent the Civil Service Law. (Matter of Aldazabal v Carey, 44 NY2d 787.) Petitioners have failed to meet this burden. (Matter of O'Donnell v Kirby, 112 AD2d 936.)
*421 Contrary to petitioners’ assertions, no mandate exists under the Civil Service Law to eliminate all nonpermanent positions before targeting employees with civil service rights. The implementation of a policy which would require the wholesale removal of employees of a certain class without regard to the continued functioning of the courts is clearly without a rational basis.
Employees who hold only nonpermanent status positions are not entitled to the protections afforded permanent titleholders. (Koso v Greene, 260 NY 491.) Under the layoff plan no permanent titleholders were displaced prior to the elimination of all temporary or provisional employees in the same targeted positions. The phrase "same or similar positions” utilized in Civil Service Law § 80 (1) and 22 NYCRR 25.30 (a) has been interpreted to mean positions within the same title. (Matter of Crow v Ambach, 96 AD2d 642.) The mere overlap of limited clerical duties in different titles does not satisfy the statute. Hence, the failure to terminate nonpermanent employees in different titles did not give these individuals any additional rights or a priority over personnel with permanent status as claimed by petitioners.
With respect to those temporary and provisional employees who have remained in their positions beyond the authorized limitation periods (22 NYCRR 25.23, 25.25), petitioners request their termination. Notwithstanding petitioners’ standing to raise this issue, the proper remedy is the holding of competitive examinations as soon as practicable, not the elimination of these positions. (See, Matter of Joyce v Ortiz, 108 AD2d 158; Matter of Hannon v Bartlett, 63 AD2d 810.)
Accordingly, it is declared that the respondents’ layoff plan was implemented in accordance with the applicable provisions of the Civil Service Law and the corresponding regulations. In view of the foregoing, all requests for relief in the petition are denied and the proceeding is dismissed.