Matter of City of Long Beach v Long Beach Professional Fire Fighters Assn., Local 287 (2018 NY Slip Op 03356)





Matter of City of Long Beach v Long Beach Professional Fire Fighters Assn., Local 287


2018 NY Slip Op 03356


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-11871
 (Index No. 6696/15)

[*1]In the Matter of City of Long Beach, appellant,
v
Long Beach Professional Fire Fighters Association, Local 287, respondent.


Bond, Schoeneck & King PLLC, Garden City, NY (Terry O'Neil and Richard S. Finkel of counsel), for appellant.
Law Offices of Louis D. Stober, Jr., LLC, Garden City, NY (Albina Kataeva of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated November 10, 2015. The order denied the petition and granted the respondent's cross motion to compel arbitration.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof denying that branch of the petition which was to stay arbitration of the claim regarding the layoffs of certain firefighters, and substituting therefor a provision granting that branch of the petition, and (2) by deleting the provision thereof granting that branch of the cross motion which was to compel arbitration of the claim regarding the layoffs of the firefighters, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.
The petitioner, City of Long Beach, and the respondent, Long Beach Professional Fire Fighters Association, Local 287 (hereinafter the union), entered into a collective bargaining agreement (hereinafter the CBA) covering the period from July 1, 2004, through June 30, 2010. Firefighters and any municiple employees assigned to the fire department, including paramedics, were covered by the CBA. In early 2015, the City laid off several firefighters and hired several paramedics. The City unilaterally set the terms of employment for the paramedics when they were hired.
The union filed a grievance and, when the grievance was denied, filed a demand for arbitration. The demand for arbitration alleged that the City violated the CBA when it hired the paramedics without providing them with the wages, fringe benefits, and conditions of employment contained in the CBA, and when it laid off the firefighters. The City commenced the instant proceeding to stay the arbitration. The union cross-moved to compel arbitration. In the order appealed from, dated November 10, 2015, the Supreme Court denied the petition and granted the cross motion. The City appeals.
The Taylor Law (codified as Civil Service Law article 14) empowers and, in fact, [*2]requires a public employer to bargain with employee organizations and to enter written agreements governing the terms and conditions of employment (see Civil Service Law § 204[1], [2]; see also Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 518-521; Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 372). An employer has wide latitude to negotiate the terms of the agreements, and can agree to submit disputes to arbitration in "the absence of plain and clear prohibitions in statute or controlling decisional law, or restrictive public policy" (Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521 [internal quotation marks omitted). Thus, although the Taylor Law reflects New York's " strong'" policy favoring arbitration, this principle is not without limits (Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521, quoting Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d 563, 575; see Matter of New York City Dept. of Sanitation v MacDonald, 87 NY2d 650, 656).
The threshold determination of whether a dispute is arbitrable is well settled. Proceeding with a two-part test, the court must first ask whether the parties may arbitrate the dispute by inquiring if "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521). If there is a prohibition, the inquiry ends and an arbitrator cannot act (see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 80; Matter of Blackburne [Governor's Off. of Empl. Relations], 87 NY2d 660, 665). If no prohibition exists, the court then asks whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement (see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 519).
Thus, a dispute is nonarbitrable if a court can conclude, without engaging in any extended factfinding or legal analysis, that a law prohibits, in an absolute sense, the particular matters to be decided by arbitration (see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521; Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 8-9; Matter of Sprinzen [Nomberg], 46 NY2d 623, 631). Put differently, a court must stay arbitration where it can conclude, upon the examination of the parties' contract and any implicated statute on their face, "that the granting of any relief would violate public policy" (Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO, 95 NY2d 273, 284; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521; Matter of Blackburne [Governor's Off. of Empl. Relations], 87 NY2d at 665; cf. Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411, 418).
Addressing the union's claim regarding the layoffs of the firefighters, Civil Service Law § 80(1) provides that a public employer has the nondelegable discretion to determine—for reasons of economy, among others—what its staffing and budgetary needs are in order to effectively deliver uninterrupted services to the public (see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521; Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 778). In the absence of bad faith, fraud, or collusion, that discretion "is an undisputed management prerogative" for the public's benefit, and cannot be altered or modified by agreement or otherwise (Matter of Saur v Director of Creedmoor Psychiatric Ctr., 41 NY2d 1023, 1024; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 518-521; Matter of Piekielniak v Axelrod, 92 AD2d 968, 969). Thus, arbitration of the claim regarding the layoffs of [*3]the firefighters would violate public policy.
With regard to the union's claims relating to the terms and conditions of employment of the paramedics, no public policy precludes arbitration of those claims. Further, the arbitration provision in the CBA permits arbitration of such claims.
Accordingly, the Supreme Court should have granted that branch of the petition which was to stay arbitration of the claim regarding the layoffs of the firefighters and should have denied that branch of the cross motion which was to compel arbitration of that claim.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court