■ In the Matter of HAROLD C. LA FONTAINE et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 28, 1976 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of the Department of Civil Service and to compel it to schedule and hold a certain competitive examination. Petitioners are six provisional Security Hospital Treatment Assistants, Grade 14 (hereinafter TAs), employed at the Mid-Hudson Psychiatric Center in New Hampton, Orange County, an institution under the jurisdiction of the Department of Mental Hygiene for the care and treatment of indicted individuals who have been found mentally incompetent to stand trial and for patients from other mental hygiene facilities who have been found unmanageable. The present litigation arose following the closing of certain facilities operated by the Office of Drug Abuse Services when the positions of a number of permanent Narcotic Correction Officers, Grade 14 (hereinafter NCOs), who had previously staffed those facilities, were abolished. Pursuant to the provisions of section 81 of the Civil Service

Law, the respondent Department of Civil Service placed the names of these competitive class NCOs on a preferred eligible list for appointment as TAs. Petitioners apparently recognize that they possess no seniority rights as provisional appointees but, in an effort to avoid the loss of their jobs, they instituted this article 78 proceeding seeking (1) to annul the department's preferred eligible list certification of NCOs for the position of TA; (2) to compel the department to schedule and hold a competitive examination for the TA position; and (3) to have the position of TA filled with permanent appointments from among those who successfully pass such an examination. Upon dismissal of their petition by Special Term, this appeal ensued. At the outset, we note that although this proceeding was commenced by petitioners as a class action on behalf of themselves and 92 other similarly situated provisional TAs at Mid-Hudson, there was no compliance with the provisions of CPLR 902. Accordingly, if some relief is warranted, it may only be extended to the named petitioners. Their basic contention is that the certification of this preferred eligible list to fill TA positions was improper. Our review is thus limited to the question of whether there is a rational basis for the department's action or whether it is arbitrary, capricious, without foundation in fact, or in violation of lawful procedure *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Under section 80 of the Civil Service Law, where positions in the competitive class are abolished, layoffs among civil service employees "holding the same or similar positions" are to be made in the "inverse order of original appointment on a permanent basis." Section 81 of the Civil Service Law next mandates that the names of employees whose positions have been abolished be placed on a preferred list for filling vacancies "in the same or similar position." In determining whether a given position is "similar" to an abolished position, the duties of the two must be compared *(Matter of Sanger v Greene,* 269 NY 33; *Matter of Brown v Greene,* 269 NY 45). After an investigation, the department concluded that the duties of the NCOs and the TAs were similar. The official job specifications indicate that each have some direct supervision over patients and each perform work related to both the therapeutic and security goals of the respective institutions in which they serve. Petitioners argue vehemently that the two positions are not similar in that Mid-Hudson is a security hospital treating psychotic and violently aggressive patients, whereas drug rehabilitation centers deal with those who may exhibit antisocial behavior but are not psychotic or dangerous. Proof by affidavit is offered to support the position that greater talent and training are required to perform TA duties than are necessary for the less demanding assignments undertaken by NCOs. On the other hand, on-site evaluations and observations made by representatives of the department discovered that approximately one third of all TAs at Mid-Hudson were former NCOs and it was noted that while the patients involved were somewhat dissimilar, the method of dealing with them was substantially the same. Upon this record, we are unable to categorize the department's determination as being without a rational basis. Even accepting the various distinctions urged by petitioners, the experiences shared in both positions are comparable. The test is that the positions be "similar", not identical, and since that issue is one on which reasonable persons might differ, we cannot say the conclusion drawn by the department was arbitrary or capricious *(People ex rel. Schau v McWilliams,* 185 NY 92). Petitioners also maintain that the department must conduct a competitive examination for the TA position inasmuch as they have held employment as provisional appointees in excess of nine months (see Civil Service Law, § 65, subd 2). Assuming that they are correct

in this regard and actually passed such an examination, petitioners would not become entitled to permanent appointments *nunc pro tunc* and would still have to await exhaustion of the preferred eligible list (Civil Service Law, § 81, subd 1). In any event, it appears that the examination they seek was conducted during the pendency of this appeal so that those issues are now academic. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.