■ In the Matter of ELIZABETH M. SOLJAN et al., Respondents, v VICTOR S. BAHOU et al., Appellants.—Appeal from so much of a judgment of the Supreme Court at Special Term, entered April 2, 1977 in Albany County, as granted petitioners' application, in a proceeding pursuant to CPLR article 78, and, *inter alia,* annulled a determination of the appellants certifying a preferred list of eligibles to fill vacancies in the position of Rehabilitation Counselor Trainee. Budgetary cutbacks in 1976 caused staff reductions in the Office of Drug Abuse Services (ODAS) and appellants certified a preferred list of affected employees holding titles in the series of Drug Abuse Rehabilitation Counselor and Narcotic Parole Officer to fill vacancies in certain other existing positions in various State agencies (Civil Service Law, § 81, subd 1). This article 78 proceeding was commenced following appellants' refusal to eliminate the position of Rehabilitation Counselor Trainee within the Department of Mental Hygiene from that list with petitioners contending that the inclusion of such a title was arbitrary and capricious since the respective positions were widely dissimilar. Special Term agreed and this appeal ensued. Although we generally agree with appellants' statement that the scope of judicial review is narrow in cases such as this *(Matter of Grossman v Rankin,* 43 NY2d 493; *People ex rel. Schau v McWilliams,* 185 NY 92; see *Matter of La Fontaine v New York State Dept. of Civ. Serv.,* 56 AD2d 974), we nevertheless believe that the instant determination as to Rehabilitation Counselor Trainees was without a rational foundation and was properly annulled by Special Term for the reasons stated in its opinion. A comparison of the duties of each position

discloses that the involved ODAS employees served a narrow segment of the population in but limited fields and did not need to possess the higher educational qualifications of the Rehabilitation Counselor Trainees who performed broader functions. Moreover, unlike the situation presented in *Matter of La Fontaine v New York State Dept. of Civ. Serv. (supra),* it does not appear that the appellants conducted any on-site evaluations of the ODAS employees to ascertain if their duties were in fact closer to those of the Rehabilitation Counselor Trainees than a description of their respective positions revealed. In short, the duties of the relevant positions were not sufficiently comparable to permit a finding of similarity. We are likewise unimpressed with the reasons offered by appellants for the failure to order and conduct a civil service examination for provisionally appointed Rehabilitation Counselor Trainees. The certification of preferred lists may supply a pool of workers to fill vacancies, but when the process is triggered by layoffs, appellants were plainly not justified in speculating that such cutbacks would occur or would affect positions held by certain provisional appointees in disregard of explicit statutory language (Civil Service Law, § 65, subd 2). However, we do agree that provisional appointees are not subject to the full panoply of civil service protection and the judgment of Special Term should be modified to the extent that it directed petitioner Soljan be continued in such employment until offered an opportunity to take an examination *(Matter of Poss v Kern,* 263 App Div 320). Judgment modified, on the law and the facts, by reversing so much thereof as directed that petitioner Soljan be continued in employment, and, as so modified, affirmed, with costs to petitioners. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.