■  In the Matter of STANLEY BANKO et al., Appellants, v VICTOR BAHOU et al., Constituting the State Civil Service Commission, et al., Respondents. —Appeal from a judgment of the Supreme Court at Special Term, entered May 11, 1978 in Albany County, which dismissed petitioners' application in a proceeding pursuant to CPLR article 78. Petitioners, right of way agents employed by the Department of Transportation, were demoted in 1976 to lower grade positions due to budgetary restraints within the department. Pursuant to section 81 of the Civil Service Law, they were placed on a preferred list for their prior positions. By letter dated February 27, 1976, the Civil Service Staffing Division determined that land and claims adjusters, which are positions within the Department of Environmental Conservation (En Con) and the Office of Parks and Recreation (OPR), were appropri-

ate titles which could be filled from the preferred list for right of way agents, and in October of 1976, the Department of Civil Service certified the right of way preferred list for land and claims adjusters. Following protests by En Con and OPR, the Civil Service Commission determined that right of way agents were not appropriate for land and claims adjuster positions. Petitioners appealed to the commission for reconsideration, but it reaffirmed its prior determination that right of way agents are not comparable for preferred list purposes to land and claims adjuster positions. Petitioners then commenced this proceeding to annul the commission's determination. Special Term, in dismissing the petition, concluded that there was a rational basis for the commission's determination. Subdivision 1 of section 81 of the Civil Service Law requires the Department of Civil Service to place demoted employees upon a preferred list and to certify the list for filling vacancies in the same jurisdictional class; first, in the same or similar position; second, in any position in a lower grade in line of promotion; and third, in any comparable position. Petitioners' basic contention is that right of way agents and land and claims adjusters are clearly comparable positions, and that the commission's determination to the contrary was arbitrary and capricious. Our review is limited to the question of whether there was a rational basis for the commission's actions or whether it was arbitrary and capricious, without foundation in fact (*Matter of La Fontaine v New York State Dept. of Civ. Serv.*, 56 AD2d 974, 975). We agree with Special Term that there was a rational basis for the commission's determination. The affidavit of Vella, counsel to the Department of Civil Service, pointed out that En Con argued before the commission that right of way agents are specialists in the real estate field whereas land and claims adjusters perform duties requiring familiarity with the full range of real estate appraisal functions from the initial land appraisal to resettlement of persons affected, and, therefore, they exercise much more independent judgment and a greater variety of skills than right of way agents. The affidavit of Du Charme, Director of Agency Manpower Management for En Con, spells out several duties of adjusters which are not performed by right of way agents. It points out, for example, that land and claims adjusters play a major role in the administrative management of En Con's lands, whereas right of way agents have only minor responsibilities in this area; that they acquire rural lands for En Con under a policy of friendly purchase whereas right of way agents acquire highway corridor strips almost entirely through appropriation under the eminent domain power; that they supervise and advise other departments in areas of environmental quality and land use regulations; they formulate strategy and over-all policy for implementing the Environmental Bond Act of 1977; and that land and claims adjusters are selected on the basis of expertise, education and experience. While there are similarities in the two positions, there are sufficient differences which provide a rational basis for the commission's determination. In view of our holding, we do not reach the other issues raised by the parties. Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.