■ In the Matter of HENRY A. CROW, Appellant, v GORDON M. AMBACH, as Commissioner of the New York State Education Department, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Bradley, J.), entered January 21, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the termination of his employment and for reinstatement to his position as school bus driver instructional specialist. In January, 1982, respondent Ambach, for budgetary reasons, abolished petitioner's position as "school bus driver instructional specialist" but retained respondents Harry Beach and William Northrup in their positions as "school bus driver safety program specialists". Special Term found respondent Ambach's decision to do away with petitioner's position was rationally based and rejected a plea to annul that determination. We affirm. Essentially, petitioner makes two arguments, neither of which is convincing. Initially, it is urged that "instructional specialists" and "safety program specialists" are the "same or similar positions" within the meaning of subdivision 1 of section 80 of the Civil Service Law and, therefore, Beach or Northrup, each of whom possessed less seniority, should have been terminated instead of petitioner. As we recently observed in *Matter of Piekielniak v Axelrod* (92 AD2d 968, 970), respondent Civil Service Commission has long interpreted the phrase "same or similar positions" to mean posts with the same title. Since this interpretation falls within the commission's special expertise and is rationally based, we are obliged to honor it. Furthermore, it is not without significance that the job description for each of these titles is different (see *Matter of Sanger v Greene,* 269 NY 33, 43), as are the minimum qualifications required for appointment. The thrust of petitioner's other argument is that the decision to terminate him was made in bad faith because respondent Ambach offered only the "bare allegation" that the elimination of his position was the result of a decrease in funds received by the State Education Department under the Federal Highway Safety Program. The burden of proving that a bona fide financial reason for abolishing the position is lacking is on petitioner (*Matter of Aldazabal v Carey,* 44 NY2d 787; *Matter of Piekielniak v Axelrod, supra*), and this burden has not been met. As evidence of bad faith, petitioner points to a memorandum issued by an Assistant Commissioner of Education in November, 1981 which stated that petitioner would not be among those terminated. This memorandum is not dispositive, however, for the ultimate decision-making power with respect to personnel needs is reserved to the Commissioner of Education, not his subordinates. This memorandum cannot be said to bind the commissioner (see *Matter of Sreter v Board of*

*Examiners of Nursing Home Administrators,* 92 AD2d 973). Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.