In the Matter of NORETTA RAY, Respondent, v YOOSUF A. HAVE-LIWALA, as Director of the Creedmoor Psychiatric Center, et al., Appellants, et al., Respondents.

Third Department, March 28, 1985

### APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*William J. Kogan* and *Peter H. Schiff* of counsel), for appellants.

*Hinman, Straub, Pigors & Manning, P. C.* (*Eileen M. Kelley* and *John J. Ciavardoni* of counsel), for Noretta Ray, respondent.

### OPINION OF THE COURT

CASEY, J.

On or about June 25, 1981, petitioner was permanently appointed to the position of psychiatric social work supervisor III, a grade 25 position, at the Creedmoor Psychiatric Center (Creedmoor). At that time, the Kingsboro Psychiatric Center (Kingsboro) and South Beach Psychiatric Center (South Beach) each had one such position and, admittedly, all were part of the same

layoff unit pursuant to the Civil Service Law and the applicable rules and regulations. The position within South Beach on Staten Island, however, was then held by two part-time (60% and 20%) provisional appointees, respondents Regina Skyer and Deena Steinfeld, as a "split item". According to a letter from an associate staffing services representative, dated May 9, 1983, it was necessary to consider this position as a "split item" and to staff it by two provisional employees so that Skyer could work Mondays, Tuesdays and Wednesdays at Staten Island and Steinfeld could supervise the outpatient staff at a clinic in Brooklyn, also on Mondays. The letter explains that "split item" staffing is appropriate when employees have to perform different jobs at different locations at the same time under one full-time budgeted item. Such items are considered separately from full-time items in the same title in all initial layoff and displacement situations. The full-time similar position at Kingsboro was held by respondent Murray Sollender, who concededly had more seniority than petitioner.

In February 1983, the Office of Mental Health decided to initiate a reduction in force for budgetary reasons by abolishing certain of these positions. One such position was that of psychiatric social work supervisor III at Kingsboro, held by Sollender. Sollender was offered and accepted a displacement opportunity against petitioner, who was the least senior full-time employee. Petitioner was offered various options, including a "bump down" to the position of psychiatric social work supervisor I at Creedmoor, which she accepted. After her displacement, the Department of Civil Service revoked the provisional appointments of Skyer and Steinfeld, occupying the "split item" at South Beach, and petitioner, who had been placed on a preferred list, was sent a canvass letter for reassignment to South Beach to her previous title and grade. Petitioner declined and brought this CPLR article 78 proceeding, in which she contends that the holders of the "split item" at South Beach should have been displaced by Sollender so that petitioner could have remained in her title at Creedmoor. Special Term held that petitioner had been improperly displaced and remitted the matter to respondent Commissioner of the Office of Mental Health to "redetermine and reconsider the matter". This appeal by the Commissioner and the Directors of Creedmoor, Kingsboro and South Beach ensued.[1]

Initially, we find no merit to petitioner's claim of bad faith. The "split item" classification of the position in the same title at

1. The appealing parties will hereinafter be referred to collectively as "respondents".

South Beach was created some two years prior to the reduction in force that resulted in petitioner's displacement. Petitioner's grievance, then, stands or falls on whether the "split item" classification of a single position in the same title must be considered as a "same or similar position" as the full-time position in that title from which petitioner was displaced (*see, Matter of Crow v Ambach,* 96 AD2d 642). If it is so considered, then Civil Service Law § 80 (1) would require the termination of the provisionals Skyer and Steinfeld, as the most junior in that title, in favor of Sollender, rather than petitioner's displacement. If, on the other hand, a split item classification of the position in that title is appropriate and renders it a different position, then respondents' actions accorded with the provisions of the Civil Service Law and the rules and regulations pertaining thereto, and petitioner has no complaint.

Although no specific statutory or regulatory authority provides for the creation of split item classification of positions,[2] as noted by Special Term, it does not follow that such a classification falls outside the special expertise of the Commissioner of Civil Service in determining what are "same or similar positions" within the meaning of Civil Service Law § 80 (1) or cannot be implemented if it is rationally based (*see, Matter of Crow v Ambach, supra*). The letter of the Division Director of Examinations and Staffing of Civil Service, John P. McKenna, dated March 11, 1983, shows the basis for the classification of split items as separate and distinct from full-time items in the same title in all initial layoff and displacement situations. The rationality for such a classification at South Beach is alleged to flow from the fact that the position was only an "80% position" and its duties required its two part-time provisional appointees to be in different locations at the same time. The proof in the record to support this claim concerning the staffing needs and duties for the position at South Beach is conclusory and hearsay in nature, but we find it sufficient to establish the rationality of the initial determination to classify the position as a split item. If, during the period that the "bumping rights" of petitioner and Sollender were fixed and effected, the duties of the South Beach position continued to require its staffing by two part-time employees, there would also be a rational basis for the determination that the position remained a split item and, therefore, was not a "same or similar position" as the other positions in that title for

---

**2.** Petitioner notes the absence of a duly promulgated rule or regulation governing split items, but since the petition does not contain a direct challenge on this basis and since the Civil Service Commission is not a party to this proceeding, the issue will not be considered.

the purposes of Civil Service Law § 80 (1). Not only does the record lack any evidence of such continued staffing needs at South Beach, but the record reveals that the Department of Civil Service revoked the split item classification of the position and, less than one month after she was displaced from her position at Creedmoor, petitioner was offered the option of filling the South Beach position on a full-time basis. Thus, an issue has been raised which must be resolved.

The Attorney-General argues that, in the absence of any proof of bad faith, these actions have no bearing on the propriety of petitioner's displacement and the judicial function is exhausted. We agree that bad faith has not been shown. Indeed, we impute no ulterior motive to respondents, but the court's inquiry does not end merely because of the absence of any evidence of bad faith in the record. Rationality is the cornerstone of administrative determinations (*Matter of Pell v Board of Educ.*, 34 NY2d 222), and the scope of review in a CPLR article 78 proceeding requires the court to examine the record for the purpose of establishing whether there exists a rational basis for the administrative determination (*Matter of Miller v Ravitch*, 60 NY2d 527, 535-536; *Matter of Pell v Board of Educ., supra*, pp 230-231). The agency's good faith, or lack of it, may be relevant, but good faith and rational basis are not synonymous for the purposes of article 78 review.

Our examination of the record herein discloses a coincidental and unexplained revocation of the split item staffing of the South Beach position, raising a substantial and material question of fact as to whether, at the time petitioner's rights were fixed, the staffing needs at South Beach required the continued split item classification, which serves as the basis for respondents' determination that the South Beach position was not a "same or similar position" within the meaning of Civil Service Law § 80 (1). Accordingly, there should be an immediate trial of that issue (CPLR 7804 [h]).

MAHONEY, P. J., MIKOLL and YESAWICH, JR., JJ., concur.

Decision withheld, without costs, and matter remitted to Trial Term for further proceedings not inconsistent herewith.