In the Matter of WILLIAM F. ZIMMERMAN, Appellant, v KAREN BURSTEIN et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.

Third Department, May 29, 1986

## APPEARANCES OF COUNSEL

*Richard E. Casagrande (Jeffrey G. Plant* of counsel), for appellant.

*Robert Abrams, Attorney-General (William J. Kogan* of counsel), for Karen Burstein and others, respondents.

## OPINION OF THE COURT

LEVINE, J.

Petitioner, along with respondents Albert Smith and Gary Stinson, was employed by the Department of Taxation and Finance in its Watertown office in Jefferson County as a Tax Auditor I, a grade 18 position in the classified civil service. That position was abolished due to budgetary constraints, and petitioner, Smith and Stinson were placed on a preferred hiring list which was certified to fill any vacancy occurring in (1) the same or similar position, (2) any position in a lower grade in line of promotion, or (3) any comparable position *(see,* Civil Service Law § 81 [1]). Smith and Stinson requested and were subsequently granted transfers pursuant to Civil Service Law § 70 (1) to grade 18 Head Account Clerk positions. Petitioner did not request transfer, but later asked for appointment to the same position from the preferred list. However, the preferred hiring list could not be utilized to make such appointment since the Department of Civil Service (hereinafter Department) had determined that the titles of Tax Auditor I and Head Account Clerk were not comparable for purposes of Civil Service Law § 81. Petitioner objected to the appoint-

ments, alleging that the positions were in fact and in law comparable and that, therefore, his preferred eligibility rights took precedence over appointments by way of transfer. He claimed that Civil Service Law § 81 mandated that the preferred hiring list be used to fill the vacancies and that he should receive an appointment, since he had more seniority than Smith or Stinson. The Department rejected petitioner's claim. Following adverse administrative review, he commenced the instant CPLR article 78 proceeding seeking an order annulling the Civil Service Commission's determination. Special Term denied the application and dismissed the petition. This appeal ensued.

Petitioner's contentions on appeal are twofold. First, he claims that the positions of Tax Auditor I and Head Account Clerk are in fact so similar in function that the Commission was arbitrary and capricious in determining that they were not comparable for purposes of Civil Service Law § 81. We disagree. An examination of the respective job descriptions of the two positions reveals that, while there is some similarity between them, a Head Account Clerk has extensive supervisory and training duties not required of a Tax Auditor I. These alone are significant differences, providing a rational basis for the Commission's determination that the two positions are not comparable (see, Matter of Banko v Bahou, 69 AD2d 933, 934; Matter of Soljan v Bahou, 60 AD2d 946, 947).

Petitioner's alternative contention is that the statutory criteria controlling both civil service transfers under Civil Service Law § 70 (1) and appointments from preferred lists under Civil Service Law § 81 are so similar that it was arbitrary and capricious for the Commission to simultaneously uphold the transfer of Stinson and Smith from their positions as Tax Auditor I to that of Head Account Clerk but reject petitioner's application for effecting the same transfer by way of appointment from the preferred list under Civil Service Law § 81. We are similarly unpersuaded.

There are significant differences in both statutory language and civil service policy considerations which justified the Commission in not treating the two sections in pari materia. Transfer is contingent upon a determination that the new position does not entail "an examination involving essential tests or qualifications different from or higher than those required for" the former position (Civil Service Law § 70 [1]). Civil Service Law § 70 (1) also authorized the adoption of rules governing transfers, by virtue of which the current depart-

mental regulations impose the additional requirement, *inter alia,* that any such transfer be consented to by the appointing authority for the position to which transfer is sought (4 NYCRR 5.1 [a] [3]). Contrariwise, Civil Service Law § 81 (1), in providing for appointment from preferred lists of civil servants whose positions were abolished, employs the criterion that the former and prospective positions be "comparable". Comparability is clearly a more comprehensive standard than the similarity of tests and qualifications set forth in Civil Service Law § 70 (1), and implies as well a likeness in functions and responsibilities. Most significantly, an appointment to a comparable position from a preferred list is mandatory, regardless of the existence of a promotion eligible list for the position sought (Civil Service Law § 81 [1]), and immediately becomes permanent upon appointment. As we have already noted, however, transfers are subject to administrative discretion, and are also subject to a probationary term (4 NYCRR 4.5). The far greater discretion accorded administrators regarding approval of transfer applications and the lack of permanency thereof once made, as compared to appointments from preferred lists, amply provides a rational basis for a stricter treatment of the latter by the Department and the Commission. Accordingly, we are constrained to uphold the administrative determination *(see, Matter of Goodfellow v Bahou,* 92 AD2d 1085, 1086, *lv denied* 59 NY2d 606).

MAHONEY, P. J., KANE, WEISS and YESAWICH, JR., JJ., concur.

Judgment affirmed, without costs.