■ In the Matter of NICHOLAS A. PAGANO, JR., et al., Appellants, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered April 9, 1990 in Albany County, which dismissed petitioners' application, in a proceed-

ing pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission regarding the preferred list and reemployment roster rights of petitioners.

The questions presented on this appeal are (1) whether respondent Department of Civil Service (hereinafter the Department) properly construed the term "comparable position" as used in Civil Service Law § 81 (1) as those with "a similarity of duties", and (2) whether respondent Civil Service Commission (hereinafter the Commission) properly excluded the Chief of Service title in respondent Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) (the title held by the individual petitioners before their positions were abolished) from the preferred list and reemployment roster for the position of Chief of Service in respondent Office of Mental Health (hereinafter OMH). Supreme Court correctly held that the Department's construction of the term "comparable position" used in Civil Service Law § 81 (1) has a rational basis and that the differences in the two positions *sub judice* provide a rational basis for the determination that they are not comparable. Accordingly the judgment should be affirmed.

On or about September 20, 1989, OMRDD laid off some 322 of its employees, including the individual petitioners. Prior to this date the Department issued "initial" preferred list and reemployment roster comparability determinations for the Chief of Service OMRDD job title pursuant to Civil Service Law § 81 (1). This section provides that employees, whose positions are abolished (as the individual petitioners' positions were), are entitled to be placed on a preferred list for certification to fill vacancies in positions deemed to be "the same or similar" to the affected position, as well as "any position in a lower grade in line of promotion", and any position deemed to be "comparable" thereto (Civil Service Law § 81 [1]). Vacancies listed on the preferred list must be offered to employees on that list. The reemployment roster list is supplemental to the preferred list and is "based on a similarity between duties, minimum qualifications and examinations".

Petitioner Organization of New York State Management/ Confidential Employees, Inc. requested that the Department place other titles on the two lists, including those of the individual petitioners. This request was denied with the exception of the addition of one new title to the reemployment roster. Petitioners appealed this determination to the Commission, arguing, *inter alia,* that the Chief of Service title in OMRDD was "comparable" to the Chief of Service title in

OMH and should have been included on the list and roster. The Commission added one new title to the reemployment roster and otherwise denied the appeal, concluding that the OMRDD Chief of Service title was not "preferred list or reemployment roster appropriate" for the OMH Chief of Service. The Commission stated that its rationale: "is based on the fact that the patients/clients served and programs developed by OMH and OMRDD are different and that these differences require knowledge of, and expertise in, quite dissimilar treatment modalities. OMRDD is charged with developing a comprehensive, cost-effective integrated system of services for mentally retarded and developmentally disabled persons. OMH is responsible for developing programs aimed at the prevention and early detection of mental illness and establishing and monitoring a comprehensive system of care, treatment and rehabilitation for the mentally ill."

Petitioners then commenced this CPLR article 78 proceeding to annul the Commission's determination, to direct the Department to add to the list and roster the titles proposed by petitioners, and to restrain respondents from appointing persons to those Civil Service positions during the pendency of this proceeding. In dismissing the petition, Supreme Court opined that the record disclosed that "while there are some similarities between the positions, an OMH Chief of Service has different supervisory and training duties than that of a OMRDD Chief of Service. The differences provided a rational basis for the Commission's determination that the two positions are not comparable" (citations omitted). This appeal followed.

Petitioners' argument, that the Department improperly interpreted and applied Civil Service Law § 81 (1) too narrowly in composing its preferred list of positions "comparable" to Chief of Service OMRDD, is not persuasive. A 1988 pamphlet of the Department, entitled "Information for State Employees Affected by Layoff", indicates that the determination of titles appropriate for preferred listing is "based on a high degree of similarity of duties and responsibilities, minimum qualifications and examination requirements". George Sabey, a principal staffing services representative of the Department, states in his affidavit that the Department certifies positions as comparable based upon a strict analysis of the duties and to a lesser extent on qualifications and examination. Sabey's affidavit also declares that the duties must be sufficiently similar since employees hired from preferred lists are not required to undergo a probationary or training period and the appointing

agency has no discretion in making appointments. The Department properly compared the duties of the two positions (see, *La Fontaine v New York State Dept. of Civ. Serv.*, 56 AD2d 974, 975). As appointment to a comparable position from a preferred list is mandatory and becomes permanent immediately, there exists a rational basis for the narrow interpretation given the term "comparable position" by the Department and the Commission (see, *Matter of Zimmerman v Burstein*, 117 AD2d 328, 331). Moreover, where the agency's interpretation of the statutory provision is within its special expertise and control, and is rational, as here, it must be sustained (see, *Matter of Piekielniak v Axelrod*, 92 AD2d 968, 970, *lv denied* 59 NY2d 603; *see also, Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459).

We agree with respondents that the Commission's determination not to include the position of OMRDD Chief of Service on the preferred list or reemployment roster of OMH Chief of Service was rational. The record indicates that there are sufficient differences between the two positions in dispute to provide a rational basis for the Commission's determination (see, *Matter of Banko v Bahou*, 69 AD2d 933, 934). The Commission had before it a memorandum submitted by Sabey and William McChesney (of the Division of Classification and Compensation) analyzing all of the titles that petitioners sought to add with comments why these titles were not appropriate for inclusion on the preferred list or reemployment roster. It also had Sabey's affidavit explaining the criteria used by the Department and the reasons that specific titles were not appropriate for inclusion, along with the affidavit of Alice Lin, a Senior Deputy Commissioner for Operations of OMH, comparing duties and responsibilities of the Chiefs of Service of OMH and OMRDD. Consequently, Supreme Court's ruling dismissing the petition should not be disturbed.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.