■ In the Matter of RONALD W. JAMES, Appellant, v WALTER D. BROADNAX, as Commissioner of the State of New York Department of Civil Service, Respondent.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Harris, J.), entered March 21, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of respondent abolishing his position with the Department of Civil Service.

On this appeal petitioner contends that Supreme Court erred in dismissing his CPLR article 78 petition seeking (1) a declaration that the abolition of his position by respondent was null and void, (2) an order reinstating him to the position of Director of Public Employee Training (hereinafter director of training), and (3) an order barring respondent from appointing project directors to perform the duties of director of training. The petition asserted that the abolition of petitioner's position was a "sham" and that respondent acted in bad faith and with the intention of replacing his competitive permanent position of director of training with that of noncompetitive project directors in violation of the mandate of NY Constitution, article V, § 6. The petition also alleged that the failure to group together the project director position with his director of training position violated his rights under Civil Service Law § 80. Respondent replied, submitting affidavits from Robert Carroll, Principal Staffing Services Representative of the Department of Civil Service, Bettye Turner, the Chief Employee Insurance Representative, Paul Puccio, the Deputy Commissioner for Program Services, and Chrystal Hamelink, the Director of the External Program Services Division and the supervisor of Joseph Sano (Sano had been provisionally appointed to the temporary position of project director). These affidavits explained the reason for the abolition of petitioner's position and the differences between petitioner's and Sano's positions which rendered the project director title inappropriate for inclusion on the preferred list or reemployment roster for the director of training title.

Supreme Court, in dismissing the petition, ruled that petitioner failed to offer the requisite proof of bad faith while respondent established that the position was abolished in an effort to meet financial and staffing exigencies arising from

the State budgetary crisis. Supreme Court further found that respondent's determination that the project director position was not appropriate for inclusion in the preferred list or reemployment roster for the director of training position was rational because the positions differed significantly.

The judgment should be affirmed. Petitioner's contention that his permanent position was improperly abolished because another person outside his title was appointed, not by reason of merit and fitness, to perform the duties of his former position is without merit. Petitioner did not meet his burden of demonstrating by credible evidence that his position was abolished "in a bad faith effort to circumvent the Civil Service Law" *(Matter of Aldazabal v Carey,* 44 NY2d 787, 788; *see, Matter of Piekielniak v Axelrod,* 92 AD2d 968, 969, *lv denied* 59 NY2d 603). The proof was also insufficient to establish that the position of project director was the same or similar to that of director of training *(see, Matter of Johnston v Town of Evans,* 125 AD2d 952, 953, *lv dismissed* 69 NY2d 900, *lv denied* 69 NY2d 608, 70 NY2d 612). Respondent's memorandum announcing the elimination of the Organization and Employee Development Services unit (hereinafter OED) and the abolition of six positions, including that of petitioner, asserts that the cuts are due to the need "to reduce State spending in the face of a projected deficit". Puccio's affidavit stated that he determined that the training function being carried out by OED was not effective and that based on his recommendation OED was dissolved and all positions related to internal training, including petitioner's, were abolished.

In our view the affidavits in the record also demonstrate that there exists sufficient differences between the project director and training director positions to support Supreme Court's finding that respondent's determination not to list the position of project director for inclusion on the preferred list or reemployment roster has a rational basis *(see, Matter of Pagano v New York State Civ. Serv. Commn.,* 170 AD2d 733, 736). The affidavits show that only a small portion of petitioner's duties overlap those of Sano, petitioner's alleged temporary replacement. The list of the duties of the two positions also demonstrates the differences in the two positions.

Finally, as there is a rational basis in the record for the determination of respondent not to include the position of project director on the list or roster for director of training, there is no need to hold a factual hearing pursuant to CPLR 7804 (h) *(see, Matter of Church of Scientology v Tax Commn.,* 120 AD2d 376, 379-380, *appeal dismissed* 68 NY2d 807, *lv*

*dismissed* 69 NY2d 659). Since respondent's interpretation of the statutory provision is within the special expertise and control of respondent and is rational, it must be sustained *(see, Matter of Pagano v New York State Civ. Serv. Commn., supra,* at 736).

Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.