■ In the Matter of ROBERT BARTHOLOMEW et al., Appellants, v COLUMBIA COUNTY et al., Respondents. [594 NYS2d 878] —

Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered November 7, 1991 in Columbia County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to comply with Civil Service Law § 86.

Petitioners, both honorably discharged veterans who served in time of war (see, Civil Service Law § 86), were previously employed by respondent Columbia County in the title of Senior Motor Equipment Operator I. On May 9, 1990, the County passed a resolution abolishing petitioners' positions effective May 25, 1990. After unsuccessful efforts at obtaining transfer to the lower graded position of Laborer, petitioners commenced this CPLR article 78 proceeding in the nature of mandamus, inter alia, for judgment determining that respondents violated Civil Service Law § 86 in refusing to transfer them to a vacant "similar position" and directing that petitioners be reinstated to their former positions or to similar positions at the same rate of pay. Supreme Court granted judgment in favor of respondents dismissing the petition upon the ground that the positions of Senior Motor Equipment Operator I and Laborer were not "similar positions". Petitioners appeal.

We affirm. In determining the duties properly performed in a given title, consideration is to be given not to the duties actually performed by the incumbents but, rather, to those set forth in the job specifications (see, Matter of Gavigan v McCoy, 37 NY2d 548, 551). In Columbia County, Laborer is an entry level position and, as such, has no minimum qualifications and requires only a "[w]illingness to perform routine manual work" and the necessary physical capabilities. Typical work activities are cleaning, minor concrete work and carpentry, loading and unloading of trucks, carrying supplies and tools, painting and labor work, lawn mowing and trimming, and weeding. In contrast, Senior Motor Equipment Operator I is one of the highest graded positions, requiring "[g]ood knowledge of the operation of tractors, power shovels, cranes and other automotive equipment * * * mechanical aptitude [and] ability to operate complex automotive equipment" and involving the operation of "complex heavy equipment in connection with sophisticated work programs * * * [and the performance of] complete maintenance and minor repairs independently". In view of the substantial differences between the positions of Senior Motor Equipment Operator I and Laborer, petitioners have failed in their burden of establishing that they are

similar *(see, Matter of James v Broadnax,* 182 AD2d 887, 889; *Matter of Pagano v New York State Civ. Serv. Commn.,* 170 AD2d 733, 734; *Matter of Zimmerman v Burstein,* 117 AD2d 328, 330; *Matter of Mathiasen v Niagara County Legislature,* 126 Misc 2d 937, 940-941) and Supreme Court properly dismissed the proceeding on that basis.

As a final matter, we are not persuaded by petitioners' reliance upon the provisions of Civil Service Law former § 22, which provided for transfer of a displaced veteran to " 'such position as he may be fitted to fill' " *(see, Matter of Meenagh v Dewey,* 286 NY 292, 297-298), and the cases decided thereunder. We agree with respondents that the 1958 change to the present statutory language of "similar position" evidences a clear legislative intent to restrict the scope of the available position to one which is truly similar to the vacated position and not one which the transferee is merely qualified to fill *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 193; *see also, Matter of Stein,* 131 AD2d 68, 71-72, *lv dismissed* 72 NY2d 840). We need not consider petitioners' remaining contentions.

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.