■ In the Matter of JOSEPH E. MCDERMOTT, as President of the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, et al., Respondents, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants. [601 NYS2d 34] — Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered December 15, 1992 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents, *inter alia,* terminating the employment of certain petitioners.

In June 1991, as part of a work force reduction resulting from the deinstitutionalization of mentally ill and mentally retarded patients, respondents State Office of Mental Health (hereinafter OMH) and State Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) terminated the employment of a number of Mental Hygiene Therapy Aides, including petitioners. Pursuant to Civil Service Law § 80 (1), the terminations were made in inverse order of original appointment within a "layoff unit" of OMH and OMRDD institutional employees. Asserting that their posi-

tions are comparable to those of less senior employees holding the titles of Community Residence Aide and Residential Program Aide at community-based residential facilities within OMH or OMRDD, petitioners brought this CPLR article 78 proceeding, *inter alia,* for a declaration that the positions be deemed "equivalent" for the purpose of layoffs and to reinstate petitioners to their former positions with back pay and benefits. Supreme Court granted the petition and respondents appeal.

We are obliged to honor respondent Department of Civil Service's long-standing interpretation of "the phrase 'same or similar positions' to mean posts with the same title" *(Matter of Crow v Ambach,* 96 AD2d 642; *see, Matter of Piekielniak v Axelrod,* 92 AD2d 968, 970, *lv denied* 59 NY2d 603) and accordingly reverse. In so doing, we reject petitioners' reliance upon *Matter of La Fontaine v New York State Dept. of Civ. Serv.* (56 AD2d 974), a case which was decided under Civil Service Law § 81. In *Matter of Piekielniak v Axelrod (supra,* at 970), this Court made it clear that cases involving the interpretation of Civil Service Law § 81 "in situations which involve the certification of a preferred list for filling vacancies in positions with titles different from an abolished position" differ from cases under Civil Service Law § 80 (1). We also note our agreement with respondents' alternative contention that the job descriptions of each of the titles at issue here are different *(see, Matter of Crow v Ambach, supra).*

Weiss, P. J., Mikoll and Yesawich Jr., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.