■ JAKE BELLO et al., Appellants, v ROSWELL PARK CANCER INSTITUTE et al., Respondents. [606 NYS2d 482] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We affirm that portion of the judgment granting the motions of Civil Service Employees Association and Public Employees Federation to dismiss the petition against them for reasons stated in the memorandum decision of Supreme Court.

The court erred, however, in dismissing that portion of the petition seeking to annul the determination to terminate petitioners from employment at Roswell Park Cancer Institute and in dismissing petitioners' request for reinstatement by properly applying the seniority rule (Civil Service Law § 80-a). This CPLR article 78 proceeding is not time-barred. It was commenced within four months of the effective date of the termination of petitioners from employment *(see,* CPLR 217; *Matter of De Milio v Borghard,* 55 NY2d 216, 220) and within four months of the denial of their timely demand for reinstatement pursuant to their seniority rights *(see, Matter of De Milio v Borghard, supra; Matter of Kaye v Board of Educ.,* 97 AD2d 794).

Further, the petition states a cause of action for wrongful termination in violation of seniority rights protected by Civil Service Law § 80-a. Although the general rule is that the phrase " ' "same or similar positions" ' " means persons employed under the same job title *(Matter of McDermott v New York State Off. of Mental Health,* 195 AD2d 932, 933; *Matter of Crow v Ambach,* 96 AD2d 642; *Matter of Piekielniak v Axelrod,* 92 AD2d 968, *lv denied* 59 NY2d 603), that rule is not inflexible or absolute. Factual issues may exist that preclude its application *(see, e.g., Matter of Ray v Haveliwala,* 107 AD2d 316). Here, petitioners assert that, when the State reclassified positions in the cancer research scientist title series in 1978, it did not reclassify their titles of Principal

Cancer Research Scientist and Associate Cancer Research Scientist; that, since 1978, the State permitted two job titles to exist having the same job description, duties and entrance qualifications; and that the State, in various personnel decisions and evaluations, treated petitioners' job titles as identical or equivalent to new job titles created by the 1978 reclassification. We conclude that the allegation that the State has maintained two job titles having the same description, duties and entrance qualifications would, if established at trial, satisfy the statutory phrase "same or similar positions". Thus, the petition states a cause of action for wrongful termination in violation of the seniority rule by asserting that, upon abolition of their position titles, petitioners were entitled to displace employees in the other similar job title who have less seniority *(cf., Matter of Sanger v Greene*, 269 NY 33, 43-44). (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Article 78.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.