OPINION OF THE COURT
Leo F. Hayes, J.
This matter comes before the court as a CPLR article 78 proceeding. Petitioners are six deputy sheriffs and a deputy *252 sheriff sergeant with the Onondaga County Sheriff’s Department.
The petitioners seek the following items of relief:
1. an order enjoining the respondent, Elaine L. Walter, Commissioner of the Onondaga County Department of Personnel from placing Department of Corrections employees on the preferred eligible lists for the promotional position of deputy sheriff sergeant (jail) and lieutenant (jail);
2. an order annulling the preferred lists created by the respondent Walter for positions of deputy sheriff sergeant (jail) and lieutenant (jail) containing the names of Department of Corrections employees;
3. an order reinstating petitioners Butler, Klukiewicz, LeBoeuf, Salvett, Talmage and Wasilewski to the preferred (sic) eligible list of deputy sheriff sergeant (jail) as the top six candidates and rescheduling the interviews for those open positions;
4. an order reinstating petitioner Williams to deputy sheriff lieutenant (jail) position; and
5. an order requiring payment to petitioners of all wages, salaries (including overtime) and benefits lost as a result of respondent’s actions.
The underlying facts are not in significant dispute. Onondaga County has a Sheriff’s Department and a Department of Corrections. These are two separate and distinct departments serviced by separate personnel, promotional units, etc. For purposes of this petition, it is apparently conceded that non-leadership positions within both departments are subject to the Civil Service Law.
This situation arises because budget cuts resulted in many job losses for the Department of Corrections. The layoff of Corrections Department employees triggered a review by the respondent of other available positions for assignment pursuant to Civil Service Law § 81 (1), which provides, in relevant part, that: “The head of any department * * * in which an employee is suspended or demoted * * * shall, upon such suspension or demotion, furnish the * * * appropriate municipal commission * * * a statement showing his name, title or position, date of appointment, and the date of and reason for suspension or demotion. It shall be the duty of such civil service department or commission, as the case may be, forthwith to place the name of such employee upon a preferred list * * * and to certify such list * * * for filling vacancies in the *253 same jurisdictional class; first, in the same or similar position; second, in any position in a lower grade in line of promotion; and third, in any comparable position. Such preferred list shall be certified for filling a vacancy in any such position before certification is made from any other list including a promotion eligible list” (emphasis added).
At the time of the layoffs, petitioners were on promotional eligible lists for deputy sheriff sergeant (jail) and deputy sheriff lieutenant (jail).
The respondent created a preferred eligible list as a result of the Corrections Department layoffs and then made a determination (prior to which determination she must necessarily have found the departments to be within the same jurisdictional class), pursuant to Civil Service Law § 81 (1) that the aforementioned sheriffs’ positions were "similar” or "comparable”, and as a result set aside the promotional eligible lists upon which petitioners were listed.
It appears, based upon the affidavit submitted by respondent, that while the titles of deputy sheriff (jail) and correction officer were found to be the same or similar, the positions for sergeant and lieutenant (jail) and Corrections Department sergeant and lieutenant were found to be "at the very least comparable.”
The essence of the petitioners’ position is that these job positions in the two departments are not similar or comparable, and, therefore, the respondent had no authority to create a preferred list for filling vacancies in the Sheriff’s Department utilizing names of employees from the Corrections Department. It is also the position of the petitioners that such action by the respondent violates the broad authority of the Sheriff to select his own deputies pursuant to section 652 of the County Law.[1]
It is the court’s determination that, as a matter of law, the Sheriff’s Department (overseen by an elected Sheriff, directly responsible to the public) is not "in the same jurisdictional class” as the Department of Corrections. In other words, while other county departments with appointed leadership positions may be within the same jurisdictional class, they cannot be *254 considered interchangeable with the Sheriff’s Department given its autonomous status. Therefore, the relevant provisions of Civil Service Law § 81 are inapplicable and employees of the Department of Corrections cannot be transferred and promoted on the supervisory level to the Sheriff’s Department (though this court will take judicial notice that the Sheriff has been employing, on entry-level positions as court officers, county employees laid off from other departments).[2]
Furthermore, it is the position of this court that the determination of respondent failed to take into account the supervisory nature of the sergeant and lieutenant positions within the Sheriff’s Department, and, as such, her determination was arbitrary and capricious. As the parties readily concede, in the absence of the present budgetary situation, correction officers would not be eligible for promotion within the Sheriff’s Department. This artificial situation is created due to the budgetary crisis. However, the fact remains that Corrections Department employees eligible for these promotional positions within the Sheriff’s Department would immediately attain supervisory authority positions over other members of the Sheriff’s Department without any experience or sustained training within the Sheriff’s Department. These employees will have been deprived of the opportunity to develop ongoing relationships with members of the Sheriff’s Department and will be unfamiliar (other than some preliminary training) with supervisory and regulatory procedures within the Sheriff’s Department. It puts such former corrections employees in the untenable position of being less experienced than the employees they oversee, unfamiliar with Sheriff’s Department quasi-military customs, procedures, regulations, etc., and unaccustomed to working with their own supervisors within the Sheriff’s Department. While it is conceivable that such conditions might be surmountable in other less sensitive and less structured departments within government, the highly dangerous, life-threatening nature of the work performed by the deputy sheriff sergeants and lieutenants makes it inconceivable that positions, within two totally distinct departments, with two *255 totally distinct command structures, with two totally distinct personnel policies, routines, leadership styles, etc., could be determined comparable.
This court is of the opinion that respondent’s reliance upon Amico v Erie County Legislature (36 AD2d 415, affd 30 NY2d 729) is misplaced. Amico involved local statutory attempts to place criminal division personnel of the Erie County Sheriff’s Department under competitive civil service. It was the determination of the Appellate Division that the affected deputies "are subject to the regulations of the Civil Service Law and, like other law enforcement officers, are subject to classification in the competitive class”. (Amico v Erie County Legislature, supra, at 423.) The decision at hand neither disputes that determination nor undermines it. Nothing in this opinion is intended to suggest that positions within the Sheriff’s Department are not subject to applicable Civil Service Law. Rather, simply that the Sheriff’s Department is not in the same jurisdictional class, nor are the positions at issue similar or comparable within the meaning of the law.
The Sheriff’s Department has as a primary function public safety and security, and while the economic concerns of the respondent are laudable, and the attempts to place correction officers in comparable positions in other departments are certainly to be encouraged, these concerns must be secondary to the Sheriff’s autonomy and paramount concern for the public safety and efficient operation of his department in furtherance thereof. Accordingly, it is this court’s determination that the finding of the respondent that the aforementioned positions within the Sheriff’s Department and the Department of Corrections are within the same jurisdictional class is an error in law, and the determination that the positions are comparable is arbitrary and capricious and without rational basis.
This matter is remanded to the county for further determinations consistent herewith and in accordance herewith. This court is not in a position, based upon the papers presently before the court, to make any determinations as to whether, in the absence of the preferred list, petitioners would necessarily have been appointed to positions either as deputy sheriff sergeants or lieutenants.

. The petitioners also argue that the action of respondent undermines certain minimum residency requirements, etc., required by the Sheriffs Department. However, respondent acknowledges that certain minimum requirements for deputy sheriff would be equally applicable to corrections employees seeking assignment within the Sheriffs Department.

. The actions by respondent also appear to be in conflict with the provisions of County Law § 652-a. Respondent has failed to demonstrate the existence of local law which permits transfers and promotions into the Sheriffs Department in derogation of the Sheriffs established procedures for the hiring and promotion of deputies.