■ In the Matter of JOHN BUTLER et al., Respondents, v ELAINE L. WALTER, as Commissioner of Onondaga County Department of Personnel, Appellant. [620 NYS2d 673] —Order affirmed without costs. Memorandum: No appeal as of right lies from an intermediate order in a CPLR article 78 proceeding (see, CPLR 5701 [b] [1]). We treat the notice of appeal as a request for permission to appeal and grant leave so that we may address the merits (see, CPLR 5701 [c]).

Respondent's determination that the positions of deputy sheriff sergeant (jail) and lieutenant (jail) within the Onondaga County Sheriff's Department were, for the purposes of Civil Service Law § 81 (1), the same or similar or comparable to positions within the Department of Correction is not supported by the record.

We conclude, therefore, that Supreme Court properly held that respondent's determination was arbitrary and capricious and without a rational basis.

All concur except Pine, J. P., who dissents and votes to reverse in the following Memorandum.

Pine, J. P. (dissenting). I respectfully dissent and would reverse because I conclude that Supreme Court erred in holding that respondent's determination to create preferred eligible lists pursuant to Civil Service Law § 81 (1) was based on an error of law and was arbitrary and capricious and without a rational basis.

The preferred eligible lists at issue were created as a result of layoffs by the Onondaga County Correction Department caused by budget cuts. Respondent determined pursuant to Civil Service Law § 81 (1) that the Onondaga County Sheriff's Department was within the same jurisdictional class as the Correction Department and that positions of deputy sheriff sergeant (jail) and deputy sheriff lieutenant (jail) were "similar" or "comparable" to Correction Department sergeant and lieutenant positions.

Petitioners' attorneys had argued to respondent that positions in the two departments were not in the same jurisdictional class and not the same or similar because deputy sheriffs are defined as "police officers" under CPL 1.20 (34) (b) while correction officers are "peace officers" under CPL 2.10 (25).

After a meeting, respondent responded in writing to petitioners' attorney. After referring to the layoffs caused by the 1993 County budget and the rights of the laid-off employees under Civil Service Law § 81, she stated that the criteria for determining whether the jobs are the "same or similar" included the essential duties of the positions, the minimum qualifications required for the positions and the examination subjects upon which the candidates for the positions were tested. Respondent stated that the comparable titles were in the correction series and in the deputy sheriff (jail) series and did not involve the deputy sheriff patrol officer series. In the relevant series, said respondent, "it would be hard to find jobs

where the essential duties, the minimum qualifications, and the subjects of examination had a closer match."

The CPLR article 78 petition was supported by an affidavit from the Sheriff asserting that the preferred eligible list was unacceptable because it undermined his authority to select deputy sheriffs. The Sheriff further asserted that the positions are not comparable because the requirements for a promotional position within the Sheriff's Department include current employment as a deputy sheriff, training as a deputy sheriff, and residency within the County. He also distinguished between the positions on the basis that deputy sheriffs (jail) supervise pretrial and presentence detainees, whereas Correction Department employees supervise only inmates sentenced for up to one year. There is no indication in the record that those arguments had been made to respondent.

In response to the petition, respondent submitted an affidavit asserting that the positions of correction officer and deputy sheriff (jail) are the same or similar because the minimum qualifications are identical, the civil service examination is the same, and the primary duties are to observe, escort and supervise inmates both within and outside their respective facilities, and to make oral and written reports.

Respondent further asserted that the sergeant positions in the two departments are, at the very least, comparable because the minimum qualifications are three years' permanent status at the entry level, the examination subjects are identical and the primary duties are to supervise security operations of subordinate staff under direct supervision of a lieutenant or other superior, and to observe operations and make reports. She further asserted that the lieutenant positions are, at the very least, comparable because the minimum qualifications are one year of permanent status in the sergeant's position, the examination subjects are identical, and the jobs are to serve as commanding officer on a shift or tour under the supervision of a captain. Each is responsible for supervising all subordinates.

The court's determination as a matter of law that the Sheriff's Department is not in the same jurisdictional class as the Correction Department is clearly erroneous. Under the Civil Service Law both are in the competitive class (see, Civil Service Law § 2 [10]; §§ 35, 40, 44).

The court's holding that respondent's determination was arbitrary and capricious and without a rational basis is also erroneous. The court found that "respondent failed to take

into account the supervisory nature of the sergeant and lieutenant positions within the Sheriff's Department, and, as such, her determination was arbitrary and capricious." (160 Misc 2d 251, 254.) The court further found that the dangerous, life threatening nature of the work performed by the deputy sheriff sergeants and lieutenants makes it inconceivable that positions in the Sheriff's Department and the Correction Department could be comparable.

The record contains the examination announcements for the sergeant and lieutenant positions in both departments. I conclude that respondent applied the appropriate criteria in determining that the supervisory positions in the two departments are comparable (see, Matter of Pagano v New York State Civ. Serv. Commn., 170 AD2d 733, 735-736), and it cannot be said that her determination is arbitrary, capricious or irrational. The court should have confirmed the administrative determination and dismissed the petition (see, Matter of Pell v Board of Educ., 34 NY2d 222). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Article 78.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.