■ BHUPENDRA K. SHAH, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 76165.) [622 NYS2d 365] —Mikoll, J. P.

Appeal from a judgment of the Court of Claims (Lyons, J.), entered August 4, 1993, which dismissed the claim.

The instant matter had its genesis in claimant's loss of his job at the Nathan Kline Institute for Psychiatric Research, a facility of the State's Office of Mental Health, in 1983 when his position as a research scientist V, grade 31, with a specialty in biometrics was abolished. A number of unsuccessful legal maneuvers by both claimant and his union ensued.

The instant action was commenced in 1987 with claimant alleging that the State violated the terms of the collective bargaining agreement negotiated with claimant's union in terminating him by failing to lay off scientists in order of seniority regardless of level or specialty. Claimant also alleged that the union breached its duty of fair representation in connection with processing his grievance. The matter was ultimately dismissed on the State's cross motion for summary judgment. The Court of Claims, in a written decision and order dated September 30, 1992, determined that claimant failed to show that the State violated the bargaining agreement as a matter of law and failed to identify any dispute of material fact that would necessitate a trial. Notice thereof was mailed to claimant's counsel on October 26, 1992, which order was never appealed from. Instead, in March 1993, claimant's counsel moved for an order directing the entry of a separate judgment. That motion was granted and, on August 4, 1993, a judgment was entered. It is from the judgment that claimant appeals.

The September 30, 1992 order granting the State's cross motion for summary judgment and dismissing the claim was the final appealable paper in the action. Claimant had 30 days plus five days for mailing to file a notice of appeal from that order (see, CPLR 2103 [b] [2]; 5513 [a]). His failure to file a notice of appeal from that order precludes review of that order on this appeal. A final order may not be reviewed on appeal from a later judgment (see, Crystal v Manes, 130 AD2d 979; Matter of Burke v Axelrod, 90 AD2d 577).

Were we to address the merits, we would also conclude that claimant's lawsuit is without vitality. The Court of Claims correctly determined that the term "title" in the collective bargaining agreement was to be defined by reference to the nature of work, level/grade and specialty, and rejected claimant's unsupported contention that the collective bargaining agreement required the State to lay off research scientists in order of seniority regardless of level or specialty. The State's

argument is persuasive that, because the collective bargaining agreement states that Civil Service Law § 80 (1) applies, that statute's requirement that layoffs be made "among incumbents holding the same or similar positions" should be read in tandem with the phrase "within title" in the collective bargaining agreement. We have previously indicated that "[w]e are obliged to honor [the] Department of Civil Service's longstanding interpretation of 'the phrase "same or similar positions" to mean posts with the same title' " *(Matter of McDermott v New York State Off. of Mental Health,* 195 AD2d 932, 933, *lv denied* 82 NY2d 660, quoting *Matter of Crow v Ambach,* 96 AD2d 642). Claimant also failed to offer evidence showing that he was senior to those scientists retained. The State, on the other hand, submitted proof of differences in the positions of the personnel whose retention claimant attempts to challenge which fully supports the court's grant of summary judgment as a matter of law.

Mercure, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.