◼ In the Matter of VILLAGE OF PENN YAN, Respondent, v JANICE O. TRAVIS et al., Respondents, and COUNTY OF YATES

CIVIL SERVICE COMMISSION, Appellant. [669 NYS2d 1007] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly annulled the determination of respondent County of Yates Civil Service Commission (Commission) that the former position of Utilities Operations Supervisor and the new position of Assistant Director of Public Works are comparable and that the appointment of an employee to the new position must be made from the eligible list for the former position. The principal duty of the former Utilities Operations Supervisor was to supervise employees of the Utilities Division of the Village of Penn Yan Municipal Utilities Board. The final job description for the position of Assistant Director of Public Works submitted by petitioner to the Commission in December 1996 expressly excluded supervisory duties. Additionally, the job descriptions for the two positions require significantly different minimum educational and experience qualifications, the Assistant Director is required to perform tasks not performed by the former Utilities Operations Supervisor, and the essential nature of those tasks is clerical and administrative but not supervisory (*see, Matter of Rayner v Sinnot*, 241 AD2d 601; *Matter of Zimmerman v Burstein*, 117 AD2d 328). The minutes of the January 15, 1997 meeting of the Commission establish that its decision was based upon a review of an earlier proposed job description that had since been revised to eliminate supervisory responsibilities, not the most recent job description that had been submitted to it. Thus, the determination of the Commission was arbitrary and without a rational basis and was properly annulled (*see, Matter of Butler v Walter*, 210 AD2d 941). (Appeal from Judgment of Supreme Court, Yates County, Falvey, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.